Francis Michael Palier, Plaintiff-Appellant, v. Dreis and Krump Manufacturing Company, an Illinois Corporation, Defendant-Appellee.

Gen. No. 49,188.

First District, Second Division.

March 24, 1964.

Leonard M. Ring and Seymour Keith, of Chicago (Leonard M. Ring, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Oswell G. Treadway, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Plaintiff's amended complaint sought judgment for damages alleged to have been sustained when he fell from a scaffold in the performance of his employment as a riveter in the construction of a building being erected on premises owned by the defendant. He alleged that on September 8, 1958, the defendant was in charge of the construction of the building; that at the time of the occurrence he was bolting crane-girders to the columns of the building and that by reason of the willful violation of the Illinois Structural Work Act, Ill Rev Stats 1963, c 48, §§ 60–69, he was caused to fall from the scaffold and thereby suffered permanent injuries. Defendant's answer admitted that it owned the premises but denied that it had charge of the work. The answer said that it contracted with New City Iron Works, plaintiff's employer, to construct the building. Defendant filed a motion for summary judgment supported by the affidavit of John H. Byrnes, assistant to its president. Plaintiff did not file a counter affidavit. The court considered the pleadings, the affidavit and a discovery deposition of Byrnes.

Plaintiff states that an owner who supervises or retains the right to supervise the construction of a building on his premises is "in charge of" the construction within the meaning of the Scaffold Act and that under the facts disclosed in the affidavit and the discovery deposition there existed a genuine issue of material fact upon which he is entitled to a trial by jury. The defendant insists that there is no genuine

issue as to any material fact and that the court was right in giving judgment for it.

The record shows that the defendant is engaged in the manufacture of sheet metal machinery on the premises owned by it at 7400 South Loomis Boulevard in Chicago. In January or February 1958, the defendant began conversations with the New City Iron Works with respect to the erection of a new building adjacent to the building the defendant was then occupying. There were discussions almost every day for three months in connection with the preparation and plans for specifications. The plans and specifications were prepared by the contractor. Following these conversations an agreement was entered into whereby the contractor undertook to erect the structure, furnishing both labor and materials. The original construction was for a craneway consisting essentially of a steel structure. Before the job was started a second contract was entered into for installing a roof to cover it and before that was completed a third contract was made for enclosing it with windows and doors. The contractor made all the steel window frames and fabricated them in its own workshop.

John H. Byrnes, employed by the defendant as an assistant to its president and who had considerable experience in construction work, participated in the discussions leading up to the making of the contracts and he was in charge of seeing that the contracts were properly carried out. Since the defendant's employees and those of the contractor had to make use of the defendant's premises it was necessary that the use of the premises by the two groups of employees be co-ordinated. In this, Byrnes and the steward or foreman of the contractor co-operated. In his affidavit Byrnes stated that he was the only employee of defendant who had any connection with the new building in September 1958; that it was his job to inspect the structure to make certain that the materials used were according to specifications; that he did not tell

the contractor what type of equipment to use or how the building should be erected; that the contractor had its own foreman and superintendent on the job; that defendant did not erect any scaffold, ladder or other equipment and did not furnish any to employees of the contractor; that affiant was not authorized to tell the contractor's superintendent and foreman how to do the work except to make certain that the work complied with the plans and specifications; that it was the responsibility of the superintendent and foreman to instruct as to the use of equipment on the job and that affiant did not know how the accident to plaintiff occurred.

In his deposition Byrnes said that his duties as assistant to the president were "supervising construction" and that this is the work he was doing on September 8, 1958, the day plaintiff was injured. Byrnes was at the site during the entire period of construction and spent four to six hours a day there to "supervise the construction." He testified that most of his dealings during the course of construction were with the steward of the contractor, whom he saw daily. He testified that there was no question that the steward had to take orders from him if he wanted things done in a certain way and that while he did not order any changes on the job, that it was because the job was running smoothly. He had full authority to order any changes that he may have wanted. He stated that the defendant had been engaged in a large construction program prior to the erection of the structure in question, including the erection of a new office building for its use adjacent to the building upon which plaintiff was injured and that all prior construction was under his supervision and direction. According to Byrnes, there was never any question as to who was to have charge of the construction project. That was decided upon in conversations in the presence of Byrnes between the

337

president of defendant and the president of the contractor.

In Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 175 NE2d 785, the Supreme Court departed from the reasoning in Kennerly v. Shell Oil Co., 13 Ill2d 431, 150 NE2d 134, and held that before civil liability may be imposed upon the defendant-owner under Sec 9 of the Act, it must appear that the owner had charge of the construction operations involving the violation. In the Gannon opinion the court held that under the circumstances presented by the record, "it was at most a disputed question of fact whether the owner could be deemed to be in charge of the construction within the meaning of the act, and it would be the province of the jury, under proper instructions, to make that determination."

The trial judge in the instant case determined that there was no genuine issue of fact as to whether the defendant was in charge of the construction of the building. The court was required to determine whether the defendant either individually or together with the contractor was in charge of the erection of the building. Byrnes is a licensed contractor. In his deposition he said that he supervised the construction. He also said that he was in charge of the work. Sec 57 of the Civil Practice Act says that the judgment sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In a summary judgment proceeding, the right of the moving party should be free from doubt, and toward this end the supporting affidavits are to be construed most strongly against the movant, and the whole record must be considered. If, upon examination of the pleadings, depositions and affidavits, it can be fairly said that a material dispute exists as to the facts,

338

a motion for summary judgment should be denied. On the other hand, where the record shows that there is no triable issue of fact, a summary judgment will be granted. People ex rel. Sharp v. City of Chicago, 13 Ill2d 157, 148 NE2d 481; Tuohey v. Yellow Cab Co., 33 Ill App2d 180, 183, 180 NE2d 691. We think that the court erred in awarding summary judgment in this case.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed.

Judgment reversed and cause remanded with directions.

FRIEND and BRYANT, JJ., concur.