Allen Brooks, Plaintiff-Appellant, v. Dean Berenz Asphalt Company, Inc., a Corporation, Defendant-Appellee.

Gen. No. 10,804.

Fourth District.

June 1, 1967.

Thomson, Thomson & Mirza, of Bloomington (W. Loren Thomson, of counsel), for appellant.

Livingston, Barger, Brandt, Slater and Schroeder, of Bloomington (James T. Foley, of counsel), for appellee.

CRAVEN, P. J.

Plaintiff appeals from the allowance of a motion for summary judgment in favor of the defendant. The defendant is a paving contractor and was charged with negligence in creating and maintaining a deep and dangerous excavation at an intersection of a street which the defendant was in the process of repaving. Defendant's contract was with the State of Illinois, Division of Highways.

The wrongful conduct alleged by plaintiff consisted in defendant's failure to erect or maintain devices that would warn members of the public of the excavation in question. This allegation was expressed in the complaint

in several alternative ways. Upon issue joined, depositions of witnesses were taken and filed and defendant thereafter filed the motion for summary judgment accompanied by affidavits. The plaintiff filed counteraffidavits.

The central issue was whether the defendant owed a duty to place warnings in the area of the excavation. The operative facts bearing on this issue disclosed that the excavation in question was neither created nor maintained by the defendant but was the result of work done by a maintenance crew of the State of Illinois, Division of Highways. The State crew had no connection with the defendant and the work in connection with the excavation was not a part of the defendant's contract.

■ Further, the excavation came into being at a time when the defendant's road crew was working on the street adjoining the excavation but approximately one and one-half or two miles away from the place in question. The contract of employment of the defendant by the State of Illinois did not impose any duty on the defendant to erect warning signs or take any action with respect to the excavation in question which was far removed from the area of construction being performed by the defendant. Plaintiff relies upon Rule 7.14 promulgated by the Department of Highways as tending to establish a duty on the defendant to warn the public of the excavation in question. That rule provides:

> "When the special provisions provide that traffic is to be permitted to use the road during its construction, [which was true in the case at issue] the Contractor shall protect the work and provide for safe and convenient public travel by providing, erecting, and maintaining such barricades, red flags, and torches or lights as are necessary, and by erecting and maintaining the warning and other signs provided by the Department."

We fail to find an inference from the existence of this rule that the Department of Highways required the defendant to post warnings to the public in an area outside the work area occupied by the defendant's crew merely because work was being accomplished by others on the same street which the defendant was engaged to repave.

The plaintiff contends that there are discrepancies in the material submitted by the defendant in support of its motion for summary judgment and that additional matters made a part of the record by the plaintiff have created inferences sufficient to require the issue of the defendant's failure to warn be submitted to the jury.

█ There does appear to be a discrepancy concerning the actual location of the defendant's work crew on the day of the accident and some confusion occurs in attempting to resolve the particular time of a particular day certain witnesses refer to work done by the defendant's crew. However, none of these discrepancies involve the basic fact that no member of the crew of the defendant performed work within one and one-half miles of the excavation in question prior to the accident, and therefore none of the discrepancies give rise to an inference that the defendant breached a duty owed to the plaintiff by failing to provide warnings that the excavation in question existed.

█ Summary judgment is a drastic method of disposing of litigation and the right of a party to invoke the remedy must be free from doubt. Inferences favorable to the party opposing the motion, even if arising out of undisputed facts, will prevent judgment. We are unable to find any facts or inferences in this record which would allow the plaintiff to submit the decisive issue of the defendant's negligence to a jury. Giampa v. Sunbeam Corp., 68 Ill App2d 425, 216 NE2d 233, 236 (1st Dist 1966) ; Campione v. Henry C. Lytton & Co., 57 Ill App2d 147, 206 NE2d 780, 783–784 (1st Dist 1965). Neither the basic facts nor the inferences which

arise from those facts are in dispute. The defendant had not assumed any obligation, by its contract or by any other action. The law does not impose a duty upon a contractor in charge of paving a street to erect warnings or barricades at an excavation created by someone else outside his own zone of work, unless a special relationship created by contract existed or a specific act of the contractor occurred concerning the excavation. The existence of a duty under particular facts is a question of law. Murphy v. Cory Pump & Supply Co., 47 Ill App2d 382, 197 NE2d 849, 858 (4th Dist 1964). There was no duty here and this was established in the summary judgment proceeding. The judgment of the trial court is affirmed.

Affirmed.

SMITH and TRAPP, JJ., concur.