Raymond Etheridge, Plaintiff-Appellant, v. William M. Cooley, d/b/a William M. Cooley & Associates, William F. Hildeman Co., a Corporation, Rinkema Electric, Patricia A. Cooley, as Executrix of the Estate of William M. Cooley, Deceased, Edward Borre and Gerald Rinkema, Defendants, and St. John's United Church of Christ, Defendant-Appellee.

Gen. No. 52,623.

First District, Second Division.

October 22, 1968.

Piacenti, Cifelli & Creswell, of Chicago (Conrad W. Sanders, of counsel), for appellant.

Valukas and Depke, and Andrew J. Farrell, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

This action was brought under the Structural Work Act (Ill Rev Stats 1961, c 48, par 60–69) to recover damages for personal injuries sustained in a fall from a scaffold on which plaintiff was working at a construction site. The trial court entered summary judgment for defendant St. John's United Church of Christ, the owner of the premises upon which the construction was taking place, on the ground that St. John's exercised no supervision or control over the construction. Plaintiff maintains the trial court erred in entering the summary judgment as an issue of fact was created by the pleadings and the other papers considered in support of the motion for

a summary judgment holding that St. John's was not "in charge of" the construction.

It appears from the pleadings, affidavits and depositions that in April 1962 St. John's United Church of Christ owned a parcel of real estate in Chicago Heights, upon which the Church's congregation voted to erect a church building. A building committee was formed, among others, and was given authority to "see to the formulation of the architectural plans and the letting of contracts and the completion of the church edifice." The building committee engaged defendants Cooley and Borre & Associates to render architectural and supervisory services in connection with the erection of the building. The committee also entered three additional initial contracts with building and trade contractors to perform other services with respect to the erection of the building: D. J. Degenhart Construction Company (plaintiff's employer) was engaged to perform the structural work of the building; Rinkema Electric was engaged to perform electrical work; and William F. Hildman Company was engaged to install the plumbing and heating systems. A fourth contract was entered by the building committee with a decorating contractor after the building had been substantially completed.

The duties of the building committee, after the letting of the initial contracts, consisted of dealing with two architects from the Cooley and Borre office who were assigned to the supervision of the construction, and resolving questions which arose from time to time as to the interpretation of the contracts, the nature and quality of the work being performed. The committee also had power to accept or reject suggestions made by the architects with respect to changes or substitutions in the building plans or materials. The pastor of the Church stated in his deposition that he was a member of the building committee, that supervision of the construction

350

was carried out by the architects on a weekly or a bi-weekly basis, and that he, the pastor, accompanied the architects on several of the supervisory tours. The architects' responsibility was to oversee the construction and to correlate the activities of the contractors.

The Degenhart contract, in addition to making provision for such matters as acceptance or rejection of work, approval of plans or revisions thereof, etc., by the architects, provided that the owner be required to carry builder's risk insurance and that the owner have the right to accept or reject the contractors' insurance carriers; the contract also reserved to the owner the right of letting other contracts and providing labor and materials not therein provided.

 Summary judgment should not have been entered since a genuine issue of material fact was raised by the pleadings and the other matters filed in connection with the motion for summary judgment. Ill Rev Stats 1967, c 110, par 57(3); Palier v. Dreis & Krump Mfg. Co., 47 Ill App2d 334, 198 NE2d 521. The owner of land who supervises or retains the right to supervise the construction upon his premises is said to be "in charge of" the construction within the meaning of the Structural Work Act. Ill Rev Stats 1961, c 48, par 69; Claffy v. Chicago Dock & Canal Co., 249 Ill 210, 94 NE 551; Kobus v. Formfit Co., 35 Ill2d 533, 221 NE2d 633. The supervision may either be carried out by the owner himself, or the duty may be delegated to an agent. See Claffy v. Chicago Dock & Canal Co., 249 Ill 210, 222.

 The record in the instant case reveals that the congregation of St. John's United Church of Christ delegated authority to the building committee to initiate and carry out the erection of the church building. The committee was empowered to enter contracts for this purpose, to deal with the architects and contractors, to interpret the contracts and settle disagreements, and the like. No

general contractor was engaged by the committee whose primary function it was to retain subcontractors and oversee the construction. On the contrary, the building committee engaged, through separate and independent contracts, individual contractors to perform the work necessary for the completion of the church building and further retained an architectural firm to supervise and correlate their activities. There is evidence in the form of a letter written by Cooley and Borre to Hildman Company, which indicates that the architectural firm acted as a link between the building committee and the contractors; whether Cooley and Borre were independent contractors or agents of the church in the supervision of the construction was therefore a question to be determined by the trier of fact. It would appear that the building committee had the final decision in all matters pertaining to the construction of the building. It should also be noted that the church was required to carry builder's risk insurance as well as the other forms of insurance coverage which related to the construction industry. Under the circumstances it cannot be said as a matter of law that St. John's United Church of Christ was not "in charge of" the construction of the church building.

For these reasons the judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed.

Judgment reversed and cause remanded with directions.

McNAMARA and LYONS, JJ., concur.