(No. 45148.—

JERRY E. KADANSKY *et al.*, Appellants, v. ALBERT R. FICKETT *et al.*, Appellees.

*Opinion filed March 20, 1973.*

ARNOLD J. KARZOV and AUGUST M. MANGONI, both of Chicago, for appellants.

HARRY G. FINS, of Chicago, for appellees.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The circuit court of Cook County granted the plaintiffs specific performance of an option contract to

purchase certain real estate from the defendants. The appellate court reversed (*Kadansky v. Fickett (1972), 4 Ill. App. 3d 152*), and we granted leave to appeal. The sole issue is whether a letter mailed by the plaintiffs' attorney to the defendants' attorney constituted an unconditional exercise of the option.

In June of 1967 the plaintiffs, Jerry and Janet Kadansky, and the defendants, Albert and Shirley Fickett, entered into a contract by which the defendants, for a consideration of $100, granted to the plaintiffs an option to purchase a designated lot for a specified price. The contract required that the option be exercised on or before September 30, 1967. On September 29, 1967, the plaintiffs' attorney mailed to the defendants' attorney a letter which stated:

> "Please be advised that my clients Jerry E. Kadansky and Janet A. Kadansky wish to exercise their option to purchase the property described below pursuant to the terms of their Option Contract.
>
> \* \* \*
>
> Mr. Kadansky has advised me that our clients have agreed in a general way to method of payment which varies with that set out in the agreement. Please let me know if this is correct."

The plaintiffs contend that this letter constituted an exercise of the option to purchase, and the defendants contend that it was not an unconditional exercise of the option, but was rather a counteroffer which they could accept or reject.

In our opinion the trial court correctly construed the letter to be an effective exercise of the option. The first paragraph specifically stated that the plaintiffs exercised their option "pursuant to the terms of their Option Contract." The phrase "wish to exercise," in the first paragraph, stated a present intent to exercise the option. It was not, as the appellate court thought, the expression of a desire to exercise the option at some future time.

Consequently, we conclude that the first paragraph of the letter of September 29 was an unconditional exercise of the option.

We also conclude that the second paragraph of the letter did not negate that unconditional acceptance by changing the terms of the option contract. The second paragraph of the letter asked the defendants' attorney to confirm or deny a report that the parties had agreed to terms of payment that differed from those contained in the agreement. It asserted no new demand or condition, and it did not imply that the buyers' exercise of the option was conditional upon the sellers' acceptance of new terms of payment. See *Gaskins v. Walz (1951), 409 Ill. 40.*

We hold, therefore, that the plaintiffs effectively exercised their option to purchase in the letter of September 29. The judgment of the appellate court is reversed, and that of the circuit court is affirmed.

*Appellate court reversed; circuit court affirmed.*