*In re* ESTATE OF JOHN J. GIRGA, Deceased—(ANTHONY A. ANTONIOU, Petitioner-Appellant, *v.* ROBERT GIRGA *et al.*, Respondents-Appellees.)

(No. 57522; ▮▮▮▮▮▮▮▮▮▮

First District (1st Division)—November 26, 1973.

918

Maurice J. McCarthy, of Chicago, (Ettelson, O'Hagan, Ehrlich & Frankel, of counsel,) for appellant.

James S. Jarvis, of Chicago, (Greenberg, Keele, Lunn & Aronberg, of counsel,) for appellee Robert Girga.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This is an appeal from a Summary Judgment granting the petition of Robert Girga to require the administrator of his father's estate to convey real property pursuant to the terms of an option given to Robert by his father. The petition was filed in accordance with the Illinois Probate Act, Section 252. Ill. Rev. Stat. 1971, ch. 3, par. 252.

The option under which Robert claims the property was recorded in Du Page County, Illinois on August 25, 1967. It provides as follows:

"Option to Purchase

August 4, 1967

I John J. Girga (Seller) received from Robert T. Girga this 4th day of August 1967, Seventy-Five dollars ($75.00) to apply on the option to purchase of certain real estate, together with appurtenances thereto, known as (Legal Description)

Lot 'U' in York Township Supervisor's Assessment Plat No. 1 Highland Road Farms, in the Southwest quarter of Section 20, Township 39 North, Range 11, East of the Third Principal Meridian in DuPage County, Illinois

The agreed selling price of the above subject real estate is Fifty-Five Thousand dollars ($55,000.00) balance due December 31, 1970 or purchaser Robert T. Girga will forfiet [sic] the earnest money of Seventy-Five dollars ($75.00).

Therefore, the purchaser Robert T. Girga must exercise this option no later than December 31, 1970."

The document was signed by both John and Robert Girga.

On September 16, 1967, John Girga granted an exclusive sales contract and option to Walter Brucher for the purchase of certain real property. The relevant portion of the agreement between the parties is as follows:

"DATE: September 16, 1967

DEAR SIR:

In consideration of the sum of Five Hundred Dollars, receipt acknowledged, I hereby give you exclusive sale of my property, described as

Lot 'U' in York Township Supervisors' Assessment Plat No. 1, in Southwest Quarter, Section 20, Township 39, Range 11, lying East of the Third Principal Meridian, in Du Page County, Illinois.

for a period of 60 days from this date, at a price of $60,000 or any less sum which I shall agree to accept, and to pay you the usual commission as established by the Chicago Real Estate Board, on such sale price, you to have the privilege of purchasing this property during said period, if you so desire * * *."

The document was signed by John Girga. John Girga died on October 4, 1967. On October 6, 1967, Walter Brucher recorded his option in Du Page County, Illinois. On October 26, 1967, Brucher recorded a document purporting to be an exercise of the option granted on September 16, 1967. On November 16, 1970, Robert Girga delivered to the Administrator of his father's estate a document which purported to be an exercise of the option of August 4, 1967. That document recorded on November 16, 1970, reads as follows:

"EXERCISE OF OPTION

November 6, 1970

I, ROBERT GIRGA, under and by virtue of the Option to Purchase granted to me by John J. Girga dated August 4, 1967 and

recorded August 25, 1967 as Document No. R 67-32951 with the Recorder of Deeds, DuPage County, Illinois for property legally described as

Lot 'U' in York Township Supervisor's Assessment Plat No. 1, also known as Highland Road Farms, of the East half of the Southwest quarter, the West half of the Southwest quarter and the South 1332 feet of the West half of the Northeast quarter of Section 20, Township 39 North, Range 11, East of the Third Principal Meridian, according to the Plat thereof recorded August 23, 1943 as Document 452575, in DuPage County, Illinois,

do hereby exercise my right to purchase said property for $55,000 as stated therein and stand ready, willing and able to perform all requirements to obtain transfer of said title to me."

The document was signed by Robert Girga.

On December 15, 1970, Anthony A. Antoniou, as the assignee of Walter Brucher, filed his Petition pursuant to section 252 of the Illinois Probate Act, requiring the administrator of the estate of John Girga to convey to him the real property subject to his option. On May 12, 1971, Robert Girga filed an Answer to the petition, and on November 15, 1971, filed his own Petition under section 252, to require the administrator to convey the real property to him under the option granted by his father. On December 15, 1971, Anthony A. Antoniou filed an Answer to the Girga petition, which Answer included a counterclaim against the estate. On December 22, 1971, Robert Girga filed a motion for Summary Judgment. On January 3, 1972, Anthony A. Antoniou filed his Objections to the motion. Affidavits in support of the motion were filed, and Anthony A. Antoniou filed a counteraffidavit on February 17, 1972. On February 28, 1972, Robert Girga moved to strike the counteraffidavit. On the same day, the trial judge entered an order striking the counteraffidavit, granting Summary Judgment for Robert Girga on his petition pursuant to Section 252, dismissing the petition of the appellant and ordering administrator with the will annexed of John Girga's estate to convey the subject property to Robert Girga upon payment of the option price.

■■ Illinois law provides that a summary judgment may be granted "* * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." (Ill. Rev. Stat. 1971, ch. 110, par. 57(3).) The right of the party invoking this remedy must be free from doubt before relief will be granted. *Brooks v. Dean Berenz Asphalt Co., Inc.,* 83 Ill.App.2d 258, 227 N.E.2d 100.

■■ The appellant claims that the language of the document labeled "Option to Purchase," which was given by John Girga to Robert is subject to interpretation as either an option or a contract for the sale of land with a down payment of $75.00. We find no merit in this contention. An option has been defined as:

> "* * * a right acquired by contract to accept or reject a present offer within the time limited. In such contract two elements exist: first, the offer to sell, which does not become a contract until accepted; second, a contract to leave the offer open for the specified time." *Morris v. Goldthorp*, 390 Ill. 186, 191, 60 N.E.2d 857, 859.

The document before us, which was exchanged for a valuable consideration, satisfies the general rules laid down by the Supreme Court for a valid option in Illinois. (*Whitelaw v. Brady*, 3 Ill.2d 583, 121 N.E.2d 785.) It is unambiguous and reflects the fact that the parties contemplated an option contract.

■■ The next issue is whether a question of fact is raised by Robert's acceptance of the option. The general rule governing exercise of an option is:

> "It is elementary that where one party gives an option to another, the acceptance, to be valid so as to conclude an agreement or contract between the parties, must, in every respect, meet and correspond with the offer, neither falling short of, nor going beyond, the terms proposed, but exactly meeting them at all points and closing with them just as they stand." *Morris v. Goldthorp*, 390 Ill. 186, 195, 60 N.E.2d 857, 861.

In the case before us, the document by which Robert announced his acceptance of the option omitted any specific reference to the payment term contained therein. We must, therefore, face the problem of whether the payment term was a condition of acceptance or a part of the performance under the executory contract which ripened upon acceptance. We conclude that reasonable men would agree that payment of the balance of the purchase price by December 31, 1970, was the performance required of Robert under the executory contract. To conclude that payment was necessary to exercise the option would leave nothing for Robert to do in performance of the contract of sale.

■■ There are, of course, cases in which options require specific acts for exercise. (See, *e.g.*, *Epton v. CBC Corp.*, 48 Ill.App.2d 274, 197 N.E.2d 727.) Failure to comply with these terms prevents effective exercise and, as a result, there arises no executory contract between the parties. This is not the case here. We find that Robert effectively exercised his option to buy his father's property.

■■ We turn to the appellant's contention that the trial judge abused

his discretion in striking the counter-affidavit of appellant's attorney. Supreme Court Rule 191 governs the affidavit in question, even though this is a proceeding under the Probate Act. (See Ill. Rev. Stat. 1971, ch. 3, par. 5.) The affiant was required to state in his counter-affidavit facts, rather than conclusions, as to which he, if sworn as a witness, could competently testify. Ill. Rev. Stat. 1971, ch. 110A, par. 191.

■■■ The attorney alleges in his counter-affidavit that there are discrepancies in the legal descriptions of the property involved, comparing the option and the exercise thereof by Robert Girga. Concededly, the same words are not used in both documents. As the appellee points out, however, the appellant has failed to allege that the descriptions do not describe the same parcel of land. The strict rule which requires that the exercise of an option comply with the terms of the option to create a bilateral contract is intended to prevent the optionee from introducing new terms which alter the contract envisioned by the optionor. Deviations from the option terms constitute a counter-offer, and no bilateral contract results. (*Department of Public Works & Buildings v. Halls,* 35 Ill.2d 283, 220 N.E.2d 167.) The discrepancies in legal descriptions do not, absent a contention that the parcels described are different, raise the question of whether the acceptance (exercise) was in fact a counter-offer. The key to this issue is whether the discrepancies represent a failure of the meeting of the minds required to give rise to a bilateral contract. (*Macy v. Brown,* 326 Ill. 556, 158 N.E. 216.) The issue not having been raised, there was no need for testimony as to the discrepancies in legal descriptions.

The appellant contends that Robert Girga's failure to deny the allegations in the complaint to contest John Girga's will (filed by Robert's brother Richard) amounted to an admission of the allegations. The allegations refer to the capacity of John Girga to execute a will. Specifically, it is alleged that alcohol addiction weakened John Girga's mental faculties and made him agree, under constraint by his brother Steve, the latter's wife and Otto Placek (a lawyer who drew up the will), to execute a will naming Steve the principal beneficiary. These allegations are irrelevant in the instant case. Nowhere in the will contest or the counter-affidavit is it alleged that Robert Girga, the petitioner, obtained his option as a result of undue influence or duress. Since no factual issue was raised by the counter-affidavit, it was properly stricken.

■■■■ The remaining question is whether any issue of fact was raised to prevent summary judgment. Both the appellant, Anthony A. Antoniou, and the appellee, Robert Girga, followed the same procedure under Section 252 of the Probate Act, filing petitions to obtain enforcement of

contracts stemming from options granted by the decedent. The option to Robert Girga, dated and recorded prior to the option to Anthony A. Antoniou (as assignee of Walter Brucher), has priority over the one to Antoniou. (Ill. Rev. Stat. 1971, ch. 30, par. 29.) Thus, in order to defeat the Girga petition on Robert's motion for summary judgment, the appellant had to demonstrate that there was a question of fact to be decided at a trial on the merits. We have found that Robert Girga possessed a valid option which he effectively exercised. The question of performance (payment of the purchase price) was not raised except in the context of the exercise of the option although it is apparently undisputed that the appellee never tendered payment. We find no question of material fact to prevent summary judgment.

Nor does a review of the record reveal a genuine issue as to any material fact. The counter-affidavit of appellant's attorney having been properly stricken, the averments in the affidavits in support of the motion for summary judgment are taken as true. They establish the appellee's rights in the property. The Illinois Supreme Court has set out the rules governing the granting of a summary judgment (*Fooden v. Board of Governors*, 48 Ill.2d 580, 272 N.E.2d 497), and we conclude that the trial court correctly applied them. Absent some factual question, the court was obliged to enter summary judgment for the appellee on his petition. *Palier v. Dreis & Krump Manufacturing Co.*, 47 Ill.App.2d 334, 198 N.E.2d 521.

The appellant has failed to argue that his own petition should not have been dismissed. This constitutes a waiver of the point on appeal. (Ill. Rev. Stat. 1971, ch. 110A, par. 341(e)(7).) Even if he had briefed the argument, however, there are serious questions raised by the alleged option which would militate against granting the appellant's petition. The alleged option provides that Walter Brucher (assuming he was specifically and properly named in the form contract) could himself buy the property subject to the exclusive sales contract. It sets the purchase price at $60,000 "or any less sum which [John Girga] shall agree to accept." In Illinois it is necessary for a valid option that the amount of the contract price be fixed. (*Whitelaw v. Brady*, 3 Ill.2d 583, 121 N.E.2d 785.) It is at least debatable whether the Brucher option price was fixed. Assuming the option is valid, it is significant to note that, although the appellant argues that the appellee had to tender the purchase price to exercise his option, the appellant never made any tender to exercise his option. The judgment based on that part of the order dismissing the appellant's petition is affirmed.

The appellant failed to argue the propriety of the order to the ad-

ministrator with the will annexed to transfer the property to Robert Girga upon payment of the purchase price. We need not discuss it. For the reasons stated, the judgment is affirmed.

Judgment affirmed.

GOLDBERG and EGAN, JJ., concur.