(No. 46397.—

*In re* ESTATE OF JOHN J. GIRGA, Deceased.—(Anthony A. Antoniou, Appellant, v. Robert Girga, Appellee.)

*Opinion filed January 30, 1975.*

Maurice J. McCarthy and James M. Hurley, of Chicago (Ettelson, O'Hagan, Ehrlich & Frankel, of counsel), for appellant.

James S. Jarvis, of Chicago (Greenberg, Kelle, Lunn & Aronberg, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

Both Robert Girga, the appellee, and Anthony Antoniou, the appellant, claim the right to land presently held by the administrator of the estate of John Girga. Each party filed a petition under section 252 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 252), seeking to have the property conveyed to him by the administrator. The circuit court of Cook County granted a summary judgment in favor of Robert Girga and directed the administrator to convey the property to him. The same order dismissed Antoniou's petition. The administrator did not appeal, but Antoniou did. The appellate court affirmed (15 Ill. App. 3d 916), and we granted leave to appeal.

On August 4, 1967, in consideration of the sum of $75, John Girga executed and delivered to his son, Robert Girga, an option to purchase certain real estate for the sum of $55,000. This option provided that it must be exercised no later than December 31, 1970. It was recorded on August 25, 1967.

On September 16, 1967, for a consideration of $500, John Girga executed a second option for the purchase of this same piece of land for $60,000 to Walter Brucher. By

its terms this option was required to be exercised within 60 days from its date. John Girga died on October 4, 1967. Walter Brucher recorded his option on October 6, 1967, and on October 25, he sent the following letter addressed to John Girga:

"Please be advised that I hereby exercise the option you granted me on September 16, 1967, for the purchase of the following described real estate at the agreed consideration of Sixty Thousand ($60,000.00) Dollars.

Lot 'U' in York Township Supervisors Plat No. 1 in the Southwest Quarter of Section 20, Township 39, North, Range 11, East of the Third Principal Meridian, in DuPage County, Illinois.

Please contact me as soon as possible for the purpose of consumating [*sic*] this purchase."

No further action appears to have been taken with respect to this option until June 30, 1970, when it was assigned by Brucher to Antoniou. Robert Girga raised the issues of Brucher's failure to perform under his option and of laches in his initial pleading in opposition to Antoniou's petition under section 252, but these issues were not discussed in the opinion of the appellate court.

On November 6, 1970, Robert Girga delivered the following document to the administrator of John Girga's estate:

"EXERCISE OF OPTION
. November 6, 1970

I, ROBERT GIRGA, under and by virtue of the Option to Purchase granted to me by John J. Girga dated August 4, 1967 and recorded August 25, 1967 as Document No. R 67–32951 with the Recorder of Deeds, DuPage County, Illinois for property legally described as

Lot 'U' in York Township Supervisor's Assessment Plat No. 1, also known as Highland Road Farms, of the East half of the Southwest quarter, the West half of the Southeast quarter and the South 1332 feet of the West half of the Northeast quarter of Section 20, Township 39 North, Range 11, East of the Third Principal Meridian, according to the Plat thereof

recorded August 23, 1943 as Document 452575, in DuPage County, Illinois,

do hereby exercise my right to purchase said property for $55,000 as stated therein and stand ready, willing and able to perform all requirements to obtain transfer of said title to me."

On December 15, 1970, Antoniou, the assignee of Walter Brucher, filed a petition under section 252 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 252). That section authorizes the court, upon petition, to direct "the executor, administrator or conservator to perform a contract of the decedent *** to convey real estate or interest therein and to execute a deed, lease or other instrument in fulfillment thereof." Robert Girga filed an answer to Antoniou's petition on May 12, 1971, and thereafter filed his own section 252 petition on November 15, 1971. Antoniou filed an answer to Girga's petition. That answer also contained a counterclaim which alleged that "[t]he action of the decedent in granting an Option to Walter Brucher, the Assignor of the Petitioner, Anthony A. Antoniou, while knowing that he had already granted another Option constitutes a fraud upon the Petitioner as Assignee of Walter Brucher." The counterclaim prayed judgment in favor of Antoniou and against the estate of John Girga in the sum of $60,000.

Thereafter Girga filed a motion for summary judgment on his petition and a motion to strike and dismiss Antoniou's petition. He also filed documents and affidavits in support of his motion for summary judgment. In opposition to Girga's motion for summary judgment Antoniou filed the affidavit of his attorney, but it was stricken by the trial judge, who granted Girga's motion for summary judgment and dismissed Antoniou's petition.

The most striking characteristic of this case is the unrealistic quality of Antoniou's position. It seems obvious that the reason Brucher did not pursue his option and tender the $60,000 purchase price it called for was because

the title he obtained would have been immediately subject to Robert Girga's option to purchase the same land for $55,000. In this court Antoniou attacks the judgments against him on two grounds. First, he asserts that it was improper to grant the motion for summary judgment because there was a genuine issue as to a material fact. Secondly, he asserts that Girga never properly exercised his option.

The genuine issue of material fact is said to arise because Robert Girga's option and his "exercise of option" contained different legal descriptions. The latter description has been set out. The description in both options was that which is contained in Brucher's "exercise of option." Antoniou does not assert that the differences in description are significant. He could hardly do so, for his own petition under section 252 uses the identical description to which he objects when it is used by Girga. The administrator made no objection to either description, and Antoniou's contention is without merit.

Antoniou's other contention is that Girga's attempted exercise of his option was ineffective because payment of the balance of the purchase price was not made on or before December 31, 1970. But as the appellate court pointed out (15 Ill. App. 3d at 923), no tender was ever made to exercise the option upon which Antoniou relies. Apart from that option, he has no interest in what happens between the administrator and Robert Girga with respect to the property here involved, and section 252 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 252) provides that the court may authorize the administrator to waive a default in performance.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*