LESLIE E. BIRKMEIER, Plaintiff-Appellant, *v.* THE HERGET NATIONAL BANK OF PEKIN, Adm'r of the Estate of Amos E. Fornoff, Deceased, *et al.*, Defendants-Appellees.

Third District   No. 82—629

Opinion filed April 29, 1983.

William H. Knuppel, of Lemmer, Boggs, Knuppel & Krebaum, P.C., of Havana, for appellant.

David B. Radley, of Baymiller, Christison & Radley, of Peoria, for appellees.

JUSTICE SCOTT delivered the opinion of the court:

This appeal stems from a suit for specific performance of an option agreement. The plaintiff Berkmeier attempted to purchase an option (consideration $1,000) to buy farmland owned by Amos Fornoff. A first draft of an option was prepared by Fornoff's attorney in February 1978. The plaintiff since 1971 had farmed as a tenant as much as 255 acres for Fornoff. The option provided that Berkmeier would pay $400 per acre for the land and that his indebtedness would bear interest at 6% per annum. A copy of the first draft of the option was sent to plaintiff's attorney. Subsequently the option was revised and the revised document was executed by Fornoff and the plaintiff in the office of Fornoff's attorney on March 3, 1978. A copy of the revised option was not sent to the plaintiff's attorney.

Some months later the plaintiff decided to exercise the option. He

advised his attorney of this decision, who prepared a notice of exercise of option based on the terms contained in the first draft which was in his file. Notice to exercise the option was sent to Fornoff on September 11, 1978. Fornoff died on December 2, 1978, and the defendant Herget National Bank became the representative of his estate. The option period expired and the defendant bank refused to honor the exercise of the option, contending that the notice of exercise contained different terms from the option finally entered into on March 3, 1978, and it therefore constituted a counteroffer and not an acceptance. The complained of differences in the plaintiff's notice of acceptance were as follows:

(1) A discrepancy involving the legal description of the land. The plaintiff's "notice of exercise" described 40 acres not contained in the final option agreement. A 40-acre tract not owned by Fornoff.

(2) A discrepancy involving a life estate. The option reserved a life estate in the residence only while plaintiff's purported exercise of option reserved to Fornoff a life estate in the entire 160 acres.

(3) A discrepancy as to down payment which was to accompany the exercise of option. The option agreement contemplated a down payment of $6,300. Tendered by the plaintiff by his purported exercise of option was a down payment of $7,900.

The circuit court of Tazewell County after bench trial entered an order on August 25, 1982, which found that the notice of exercise of option was not a valid acceptance or exercise of the option as it varied materially from the option and judgment was entered in favor of the defendants.

The sole issue presented in this appeal is whether a contract was formed by plaintiff's notice of exercise of option and whether specific performance of that contract should have been granted.

Defendants, arguing in support of the trial court's decision, rely heavily on the case of *Morris v. Goldthorp* (1945), 390 Ill. 186, 60 N.E.2d 857, and the following language cited therein:

"It is elementary that where one party gives an option to another, the acceptance, to be valid so as to conclude an agreement or contract between the parties, must, in every respect, meet and correspond with the offer, neither falling short of, nor going beyond, the terms proposed, but exactly meeting them at all points and closing with them just as they stand." 390 Ill. 186, 195, 60 N.E.2d 857, 861.

The foregoing language is strong and imposes strict requirements upon an optionee. We first make the observation that we are not impressed with the result reached in *Morris* in that the optionee was held to have submitted an erroneous acceptance preventing the creation of a contract because in his acceptance a request was made for a warranty deed when the option provided that he was only entitled to a fee simple title. We recognize the distinction between a warranty deed and the slightly lesser conveyance of a fee simple title; however, it appears that in *Morris* the supreme court adhered to niceties and technicalities of the law rather than to the substance of the option and the intent of the parties. We are impressed with the strong dissent in the case. The law in *Morris* is still viable. It has never been reversed, nor do we disregard it, but we do recognize that the strict requirements pertaining to acceptance have been diluted during the almost four decades since the decision in *Morris* was rendered. See *In re Estate of Girga* (1973), 15 Ill. App. 3d 916, 305 N.E.2d 565; *Farley v. Roosevelt Memorial Hospital* (1978), 67 Ill. App. 3d 700, 384 N.E.2d 1352; *In re Estate of Frayser* (1948), 401 Ill. 364, 82 N.E.2d 633.

The defendants further attempt to support their position by citing the case of *Seaberg v. American National Bank & Trust Co.* (1976), 35 Ill. App. 3d 1065, 342 N.E.2d 751. In *Seaberg* the option described the subject property as "2207 North Lincoln Avenue." The notice of acceptance stated that the optionees would exercise their option to purchase the 2201-2207 North Lincoln Avenue property including adjacent vacant property. The reviewing court held that the acceptance was faulty in that it far exceeded the scope of the offer. In the instant case defendants assert that the facts in *Seaberg* closely parallel the factual situation which we are now confronting. At first blush there is a striking similarity; however, on examination it is apparent that unlike the plaintiff Birkmeier, the plaintiff in *Seaberg* wanted something extra and they wanted it free from any extra consideration. True, in the instant case the plaintiff's acceptance described an additional 40-acre tract of land, a tract which was not owned by Fornoff; however, the plaintiff did in his acceptance offer consideration in the sum of $16,000 for the additional 40-acre tract of land.

The inclusion in the plaintiff's acceptance of the additional 40 acres was a discrepancy, as was the extent of the life estate and the incorrect amount of the tendered down payment. As to the latter two discrepancies, it should be noted that the plaintiff once again is not seeking more or additional benefits than that which he would be entitled to by the March 3, 1978, option agreement. This agreement pro-

vided that Fornoff would have only a life estate in the residence, not the entire acreage as set forth in plaintiff's acceptance. Also, the plaintiff was tendering a larger down payment than that contemplated by the March 3, 1978, option. In this case we do not have a situation as was present in *Morris* and *Seaberg*, where in the former case the optionee was requesting a stronger document of conveyance and in the latter the optionees wanted additional real estate without the concomitant offer of additional compensation.

The plaintiff's acceptance expressed his intention to exercise the option of March 3, 1978. Our Illinois courts have held that the initial sentence stating that a certain option is exercised without any subsequent conditional provisions is a valid exercise of the option. (*Peoples Bank Building, Inc. v. Pixley & Ehlers, Inc.* (1972), 9 Ill. App. 3d 364, 292 N.E.2d 180; *Kadansky v. Fickett* (1973), 54 Ill. 2d 14, 294 N.E.2d 262.) It is unrefuted that the defendant Bank was aware of the provisions of the March 3 document and that plaintiff's acceptance referred to that document, but subsequent provisions in acceptance contained discrepancies, none to the detriment of Fornoff or the representative of his estate. The defendants argue that the discrepancies would be detrimental to Fornoff's estate regarding tax liability. How or in what manner or amount is not set forth, but even if such was the case, Fornoff was not concerned with this aspect. He wanted the plaintiff to have the farmland in question and initiated the procedure to fulfill this desire. Equity, and the trial court in this case was sitting as a court of equity, is not required to apply standards so rigid as to ignore facts surrounding an exercise of option which ignore the state of mind of the parties. *Macy v. Brown* (1927), 326 Ill. 556, 158 N.E. 216; *In re Estate of Frayser* (1948), 401 Ill. 364, 82 N.E.2d 633.

This court is aware of the fact that the plaintiff did have in his possession the correct March 3, 1978, option agreement, but the same was not provided to the plaintiff's attorney by Fornoff's attorney, even though there was knowledge and awareness of the fact that plaintiff was represented by counsel. The fact that this case is before this court illustrates that a controversy arose as to the option agreement; however, that controversy would not have arisen had counsel who prepared the March 3 agreement provided a copy of the same to plaintiff's attorney.

The plaintiff signed the correct option agreement on March 3, 1978. When he attempted to exercise the option ambiguities arose between the attempted exercise of the option and the option itself. Extrinsic evidence was properly admitted to interpret the contract between the parties. (See 30 Am. Jur. 2d *Evidence* sec. 1061 (1967), and

R. Hunter, Trial Handbook for Illinois Lawyers sec. 73:18, at 760 (4th ed. 1972).) Such evidence discloses the intent of the parties and discloses that any discrepancies in the plaintiff's notice of acceptance from the March 3, 1978, agreement were not detrimental to Fornoff or his estate.

While not raised as an issue in this case, the evidence indicates that the option agreement agreed to by Fornoff provided that the plaintiff would be able to procure farmland for a consideration less than the prevailing price for such land. The record, however, discloses that Fornoff advised his attorney that he was satisfied with the value placed on the land and that the price agreed upon was all the plaintiff could pay. It is clear that Fornoff wanted the plaintiff to have the land. It may well be that this desire could be thwarted by the application of legal technicalities, but to do so would be an inequitable result and certainly would not enhance the reputation of the legal profession.

For the reasons set forth this court concludes that a valid contract was formed by notice of exercise of option executed by the plaintiff and that the defendants should and are hereby ordered to specifically perform said contract in accordance with the terms of the option agreement of March 3, 1978. The judgment of the circuit court of Tazewell County is reversed and this case is remanded with directions to enter the order of specific performance.

Reversed and remanded.

STOUDER, P.J., and BARRY, J., concur.