(No. 58486.—

LESLIE E. BIRKMEIER, Appellant, v. THE HERGET NATIONAL BANK OF PEKIN, Adm'r, *et al.*, Appellees.

*Opinion filed June 29, 1984.—Rehearing denied September 28, 1984.*

William H. Knuppel, of Lemmer, Boggs, Knuppel & Krebaum, P.C., of Havana, for appellant.

David B. Radley, of Baymiller, Christison & Radley, of Peoria, for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Leslie E. Birkmeier, appealed from the judgment of the circuit court of Tazewell County entered in favor of defendant, the Herget National Bank of Pekin, administrator of the estate of Amos E. Fornoff, deceased, in plaintiff's action for specific performance of an option to purchase certain real estate. The appellate court reversed (114 Ill. App. 3d 201), and we allowed defendant's petition for leave to appeal (87 Ill. 2d R. 315). The facts are adequately stated in the opinion of the appellate court and will be repeated here only to the extent necessary to discuss the issues.

As a tenant, plaintiff for some years had farmed land owned by defendant's decedent, Fornoff. Fornoff, upon payment of $1,000, had given plaintiff an option to purchase 160 acres of land at a price of $400 per acre. A copy of the first draft of the option had been sent to plaintiff's attorney. Subsequently the option was revised, and the revised option was executed by the parties on March 3, 1978. Apparently a copy of the revised option was not sent to plaintiff's attorney.

Plaintiff elected to exercise the option, and written notice was sent to Fornoff. Fornoff died and defendant became the representative of his estate. The option period expired 30 days after Fornoff's death and defendant refused to perform under the option agreement, contending that the notice contained terms different from the option agreement. The circuit court found that the notice of exercise of the option was at variance with the terms of the option and was not a valid acceptance of its terms. The appellate court, holding that none of the purported discrepancies between the option and the notice were detrimental to the vendor and that any ambiguities created thereby were resolved by extrinsic evidence

which showed the vendor's satisfaction with the original option price and his intention that the plaintiff have the farm, reversed the judgment and ordered specific performance.

Relying primarily on *Morris v. Goldthorp* (1945), 390 Ill. 186, defendant contends that plaintiff's notice of exercise of the option differed from the provisions of the signed option agreement in that it described 40 acres of land which were not included in the option; that it provided that Fornoff would retain a life estate in the subject real estate, whereas the option agreement provided only a right to reside in the house on the optioned property for the rest of his life; and that the draft tendered was in the amount of $7,900, whereas under the terms of the option the amount tendered should have been $6,300.

The notice of exercise of the option contains the following:

> "WHEREAS, Amos F. Fornoff has heretofore granted to Leslie E. Birkmeier an option in writing dated March 3, 1978 to purchase the following described real estate, to-wit:
>
> [Erroneous Description]
>
> AND WHEREAS, Leslie E. Birkmeier desires to exercise his option so granted to him, in accordance with the provisions of said option agreement.
>
> NOW, THEREFORE, YOU ARE HEREBY NOTIFIED that the undersigned, Leslie E. Birkmeier, does hereby elect to exercise said option to purchase said real estate in accordance with the terms of said agreement.
>
> In accordance with the terms of said agreement, there is remitted herewith a bank draft in the sum of $7,900, payable to you."

There is no question that the description contained in the notice of acceptance erroneously described the real estate by including 40 acres not covered by the option, and that the tender of $7,900 rather than $6,300 resulted from

an effort to comply with the option requirement of 10% of the balance due computed on the basis of the erroneous description. It is also true that the scope of the life estate to be retained by the grantor is not correctly set forth. It is clear, however, from its language that what was intended by the notice was an unconditional exercise of the option "in accordance with the terms of said agreement." The acceptance is distinguishable from the purported acceptance in *Morris v. Goldthorp* (1945), 390 Ill. 186, upon which defendant relies, in which the acceptance contained conditions not included in the option.

In *Kadansky v. Fickett* (1973), 54 Ill. 2d 14, it was held that the notice given stated a clear intent to exercise the option and the request that defendant's attorney confirm or deny a report that the parties had agreed to terms of payment which differed from those contained in the agreement was not a new demand or condition. In *Gaskins v. Walz* (1951), 409 Ill. 40, the notice of acceptance of an option was likewise held to be unequivocal and a request in a later sentence for delivery of an abstract of title was not a condition of acceptance.

Here, by means of the notice given, plaintiff unconditionally exercised the option to purchase the real estate described in the agreement dated March 3, 1978, and tendered 10% of the balance of the purchase price computed at $400 per acre. Had the erroneous description been omitted from the notice given, it would have served to effect an unconditional exercise of the option. The inclusion of the erroneous description under the circumstances shown did not effect a deviation from the terms of the option, and the circuit court erred in construing the terms of the notice to be a deviation from the option's terms.

For the reasons herein stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*