(No. 15200.—Reversed and remanded.)
FRED B. WARNER, Appellee, *vs.* GEORGE YOUNG, Appellant.

*Opinion filed April 18, 1923—Rehearing denied June 6, 1923.*

1. PRINCIPAL AND AGENT—*a real estate broker must disclose value of property to be taken as commission.* A real estate broker who acts for both parties in making an exchange of land and as his commission from one principal is to take two small tracts of the land which said principal was to acquire by the trade, must give said principal correct information as to the value of such property, and where said tracts are shown to be worth much more than a reasonable commission, the broker, in a suit by the principal to set aside the deeds, cannot impute negligence to the principal in failing to ascertain the value of the tracts.

2. SAME—*agent may, by consent, act for both parties.* One may act as agent for both parties to a transaction if it be with their full knowledge and consent.

3. SAME—*equity will not deprive defendant broker of commission which complainant admits to be due.* In a suit to set aside certain deeds given to a broker as commission for his services to the complainant in a real estate transaction, if the complainant offers in his bill to pay a reasonable sum as commission the court should not decree that the broker is not entitled to any commission because he failed to make certain disclosures to his principal, as a court of equity is not justified, in such case, in giving the complainant more relief than he has asked for.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM T. CHURCH, Judge, presiding.

J. J. LUDENS, for appellant.

WARD, WARD & WARD, (A. J. SCHEINEMAN, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee filed his bill in the circuit court of Whiteside county praying the cancellation of certain deeds delivered by him to the appellant and to restrain appellant from disposing of the property therein described, and for an accounting. The bill alleges that appellant had acted as agent

for the transfer of real estate owned by appellee, consisting of 105 acres of land in Whiteside county, to Charles Gettle in exchange for a certain 80 acres of land in that county, two other small pieces of real estate and a balance in cash; that after the transfer was made appellant sought as his commission the two small pieces of property, one of which was located in Rock Falls, in Whiteside county, and the other in Sterling; that the appellee believing the statements made by appellant, as his agent, that the equity in these two pieces of property was worth but little more than $500, deeded the same to him as his commission in the transaction; that he later found that the two pieces of property were worth in the neighborhood of $4000 over the incumbrances thereon; that the services of appellant as agent were not reasonably worth more than the sum of $500. The bill avers a willingness on the part of appellee to pay a reasonable commission to appellant for the services rendered; that since the transaction he has been informed and believes that appellant was also acting as agent for Gettle. The bill asks an accounting to determine what, if any, fees and commission are due to the appellant. Appellant answered, denying any false or fraudulent representations as to the value of the pieces of property deeded to him as his commission and averring that the conveyance to him was freely and voluntarily made and agreed upon, and that the property deeded is not worth $4000 above the incumbrances but that the actual value thereof did not exceed $500. The chancellor found that the properties in question were worth substantially more than $500 over and above the incumbrances thereon; also that the appellant was acting as the agent for both appellee and Gettle with the knowledge and consent of both of them; that appellant did not inform appellee concerning the value of the properties deeded to him as a commission, as was required of him as agent, and that appellee relied upon appellant's representations in that matter. The chancellor decreed that the deeds be set aside as·

clouds upon the title of appellee, and that because of misrepresentations and bad faith appellant was not entitled to any commission for his services.

An examination of the record discloses that the chancellor's finding as to the value of the two pieces of property in question is amply sustained by the evidence; also that appellant was acting as the agent of both parties in this transaction with the knowledge and consent of both. The evidence also discloses that appellee relied upon the statement of appellant as to the value of the two pieces of property deeded to him as his commission.

Appellant contends that it was the duty of appellee to use diligence in knowing what the properties were worth. As between appellee and Gettle, the other party to the trade by which the property was acquired, this would be true, but as to appellant, who was acting as the agent of appellee as well as Gettle, such a rule has no application, as the agent of appellee was bound to use good faith in giving to his principal correct information concerning the character and value of the property. This the record shows he did not do, and the decree that the deeds to him be set aside is right.

The chancellor, however, was not justified, under the issues made up in the bill, in denying appellant a reasonable commission for his services as appellee's agent. Appellee by his bill asks for an accounting and offers to pay a reasonable commission, stating that the value of the property transferred by him was $20,000 and that a reasonable rate to be paid as a commission would be two and a half per cent, amounting to $500, thus, in effect, stating in his bill that he considers $500 to be a reasonable commission. There is no denial of this averment. Appellee testified that appellant was acting as agent for both of the parties to the trade. The rule is that one may act as agent for both parties to a transaction if it be with their full knowledge and consent. (*Adams* v. *Larson,* 279 Ill. 268.) While the evidence does not show that either appellant or

308—16

Gettle knew what commission the other was to pay, it is only reasonable to say that they expected that he would receive a commission from each. However that may be, in the bill presented here appellee offers to pay a reasonable commission, which he intimates is $500. It is a fundamental principle of equity that he who seeks equity must do equity, and where by his bill he makes offer to pay a reasonable sum the court is not justified in giving him more than he asks. We are of the opinion, therefore, that the court should have decreed that the deeds be set aside upon payment by appellee to appellant of the sum of $500 within a time to be fixed by the court.

The decree is therefore reversed and the cause is remanded, with directions to enter a decree in accordance with the views herein expressed, each party to pay his own costs in this court.

*Reversed and remanded, with directions.*