the home, even after the contemplated return of her husband, and to leave the care of the child to others outside the home.

Defendant's domestic situation, whether existing or contemplated at the time of hearing, stands in distinct contrast with that apparently existing as of April 26, 1952, when defendant and her husband were living and maintaining together a home in Oregon and when her employment apparently consisted of caring for the children of others in circumstances such that she could keep her own child with her while engaged in such employment.

So far as appears on this record both parties are entirely fit and proper persons to have custody of the child and from all that appears the child has, in the past, received proper care while in its mother's custody. Nevertheless, in the opinion of this court the discretion accorded the trial court by section 18 of the Divorce Act (Ill. Rev. Stat. 1951, ch. 40, par. 19 [Jones Ill. Stats. Ann. 109.186]) was properly exercised in view of its findings of fact. The order of January 20, 1953, will accordingly be affirmed.

*Judgment affirmed.*

Leo Krzyzanowski, Appellant, v. Anna Makowski et al., Appellees.

Gen. No. 46,079. (Abstract of Decision.)

Jacob Levy, for appellant; Louis T. Herzon, for appellees. Opinion by PRESIDING JUSTICE SCHWARTZ. Not to be published in full. Opinion filed December 22, 1953; rehearing denied February 16, 1954; released for publication February 19, 1954.

## Arnold Asplund, Appellee, v. Roy O. Pavlik, Trading as Pavlik Brothers, Appellant.

### Gen. No. 46,116. (Abstract of Decision.)

B. F. Martin, and Thomas K. Gifford, for appellant; Thomas C. Angerstein, George W. Angerstein, and Charles T. Shanner, of counsel; Joseph Barbera, for appellee. Opinion by PRESIDING JUSTICE SCHWARTZ. Not to be published in full. Opinion filed December 22, 1953; rehearing denied January 22, 1954; released for publication February 19, 1954.