Angela Solone, Plaintiff-Appellant, v. William D. Reck, Administrator De Bonis Non of the Estate of William Reck, Deceased, Defendant-Appellee.

Gen. No. 48,299.

First District, First Division.

October 23, 1961.

Rehearing denied November 29, 1961.

Leonard E. Handmacher, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Meyers & Matthias, of Chicago (Donald L. Thompson, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

This appeal by plaintiff is from a summary judgment entered in favor of defendant and from a subsequent order denying plaintiff leave to file a third amended complaint.

The second amended complaint alleges that on July 28, 1956 plaintiff was injured while riding as a passenger in her husband's automobile when it was struck from the rear by an automobile owned and negligently operated by defendant, William Reck.*

The answer admits ownership of the vehicle by William Reck, but denies that he was driving it at the time of the occurrence. The answer further alleges that William Reck's car was being driven by his son, Robert, who was using the car on an errand for himself and not as agent for his father.

Defendant made a motion for summary judgment supported by the affidavits of Robert Reck and

---

* William Reck died after suit was filed. Successive administrators of his estate were substituted as defendants, and the complaint and answer were amended accordingly.

* See Callaghan's Illinois Digest, same topic and section number.

309

Darlene, his wife, stating that they were the only occupants of William Reck's car at the time of the collision; that they were using the car for their own pleasure, with the permission of William Reck but not as his agents; and that William Reck was in Florida at the time.

Plaintiff filed counter-affidavits, including those of Marie and Helen Paruolo, which stated that they were in the car with plaintiff at the time of the collision; that the driver of the other automobile came to their car and identified himself as William Reck of 1809 N. Natchez, Chicago; that he refused to produce his driver's license or furnish any other information, saying that all necessary information could be obtained from his automobile license.

Defendant's motion was sustained and judgment was entered in his favor on June 29, 1960.

█ Plaintiff presents a number of points in her brief, but the one question determinative of this appeal is whether or not the affidavits and counter-affidavits disclose a genuine issue as to any fact material to the case. The proper province of the court in summary judgment proceedings is merely to determine if such an issue exists. To go further would be to preempt the function of jury or court as trier of fact upon the taking of evidence (c 110, § 57(3)); Halloran v. Belt Ry. Co., 25 Ill App2d 114, 166 NE2d 98.

██ We recognize that the summary judgment procedure authorized by the Practice Act is valuable, indeed, and its employment should be encouraged, in proper cases, as an aid in the expeditious disposition of the backlog congesting the trial courts of Cook County. (Allen v. Meyer, 14 Ill2d 284, 152 NE2d 576; James F. Goodwin, Inc. v. George W. Bowers Co., Inc., 24 Ill App2d 158, 164 NE2d 278.) Because of the drastic nature of summary judgment, however, we must be diligent in guarding against its use in any case

involving a real question of fact. In so doing, we are required to apply strict construction to the affidavits submitted by the moving party—defendant in this case —and to construe liberally the counter-affidavits submitted by plaintiff. Defendant's right to judgment must be clear beyond question. (Tansey v. Robinson, 24 Ill App2d 227, 164 NE2d 272.)

■ The pleadings of the parties are not in agreement as to the identity of the driver of defendant's automobile. Defendant urges that his answer, which avers that Robert rather than William drove the car, raises an affirmative defense, and that this new matter stands admitted by plaintiff since she filed no reply. We are of the opinion that the pleadings effectively raise the issue on this narrow, but vital, point, without the need of a reply. The substance of the complaint and answer constitutes mutual denials, and the complaint itself thus meets and negatives the matter set up in the answer. (In re Estate of Brauns, 330 Ill App 322, 71 NE2d 364; Leland-David Advertising, Inc. v. Fetter Storage Warehouse Co., 20 Ill App2d 602, 156 NE2d 613.)

■ This raising of an issue of fact on the pleadings would not, however, be sufficient, in itself, to prevent summary judgment if the affidavits conclusively demonstrate that no genuine fact question actually exists. (St. Louis Fire and Marine Ins. Co. v. Garnier, 24 Ill App2d 408, 164 NE2d 625; Bryant v. Metropolitan Motorists Ass'n, 23 Ill App2d 261, 161 NE2d 879.)

The Paruolo affidavits disclose that affiants are disinterested witnesses, qualified to testify that, immediately after the collision, the driver of defendant's car identified himself as William Reck and referred to the automobile as his. Construed liberally in favor of plaintiff, these affidavits raise a genuine issue of fact as to the identity of the driver. And the identity of the driver of defendant's automobile is a fact material to

311

the case. A summary judgment should, therefore, not have been entered.

■ In the trial court, plaintiff asked for leave to file a third amended complaint adding Robert Reck as a defendant. This motion was made after judgment; was, therefore, not timely; and was properly denied. (c 110, § 46(1).)

The record on appeal does not contain the third amended complaint which plaintiff sought to file. Nor does it adequately disclose whether or not plaintiff, confronted with a limitations problem, would have been able to meet the conditions of Section 46(4) of the Practice Act if application for leave to amend had been made before judgment. Consequently, should plaintiff elect to proceed further with regard to amendment of the complaint, she would have to present the matter anew to the sound discretion of the trial court. (Deasey v. City of Chicago, 412 Ill 151, 105 NE2d 727.)

The summary judgment order of the Superior Court of Cook County is reversed, and the cause is remanded.

Reversed and remanded.

MURPHY, P. J. and BURMAN, J., concur.