**Ruth L. Ruby, Plaintiff-Appellant, v. Willard F. Wayman, d/b/a Wayman's Ace Hardware, Defendant-Appellee.**

Gen. No. 68–32.

Second Judicial District.

September 25, 1968.

Roger W. Hayes, of DeKalb, for appellant.

Popejoy, Bowman, Unverzagt and Nelson, of Wheaton, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

The plaintiff, Ruth L. Ruby, brought suit against the defendant, Willard F. Wayman, d/b/a Wayman's Ace Hardware, to recover for injuries she sustained while an invitee in his store. The trial court granted the defendant's motion for summary judgment, and the plaintiff appealed.

The plaintiff entered the defendant's store to pay her utility bill and to purchase some wire. While following the defendant to the rear of the store to get the wire, she fell over a laundry cart or basket, which the defendant had placed in the aisle, and was thereby injured. Both the plaintiff and the defendant agree that the question before this court is whether it was proper to determine under a motion for summary judgment that the plaintiff was guilty of contributory negligence as a matter of law. They also agree that the trial court entered summary judgment on the ground that the plaintiff was guilty of contributory negligence as a matter of law, and that the defendant's negligence and its causal connection to the accident is not an issue in this appeal.

The trial court, in passing upon the motion for summary judgment, had before it the pleadings, the plain-

tiff's deposition, the affidavit of the defendant's attorney and the plaintiff's counteraffidavit. The affidavit of the defendant's attorney consisted primarily of excerpts of those portions of the plaintiff's deposition which the defendant believed significant to support his motion.

The plaintiff testified in her deposition that she noticed the cart ahead of her in the aisle as she was proceeding to the back of the store. It was on the right-hand side of the aisle, which was about four feet wide. As she approached the laundry cart, she walked toward her left to go around it, but her right foot tripped over a protruding cart leg. She described the laundry cart as a folding unit with an aluminum frame and legs and which would crisscross when open. It was about thirty inches high and two feet square. She had not noticed any other carts in the aisle and did not know why this cart had been placed there. On previous occasions when in the store, she had not noticed, or was not aware, that any carts were in the aisle.

In her counteraffidavit, the plaintiff stated that she was intent upon following the defendant to the rear of the store at the time of the accident (he was walking slightly ahead of her in another aisle) ; and that she did not notice that the legs of the cart protruded as far as they did. In her deposition she described the details of the laundry cart with reference to what she saw as she was lying on the floor after the accident, and not from her observations of the cart as she approached it; and stated that all that she noticed prior to the accident was "some object" in the aisle, which she swerved to avoid.

■ The principles applicable to a motion for summary judgment under section 57 of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 57) are well defined. Summary judgment is a procedure to be encouraged (Allen v. Meyer, 14 Ill2d 284, 292, 152 NE2d 576 (1958) ) ; however, it is a remedy to be awarded with

some caution so as not to preempt the right to a trial by jury or the right to fully present the factual basis for a case where a material dispute may exist. Solone v. Reck, 32 Ill App2d 308, 310, 311, 177 NE2d 879 (1961); Tezak v. Cooper, 24 Ill App2d 356, 362, 363, 164 NE2d 493 (1960).

Section 57 provides that a summary judgment should be rendered if the pleadings, depositions and admissions on file, together with the affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law."

■ Courts have construed this section to mean that in determining if there is a genuine issue, inferences may be drawn from the facts which are not in dispute, and if fair-minded persons could draw different inferences from these facts, then a triable issue exists. Peirce v. Conant, 47 Ill App2d 294, 300, 198 NE2d 555 (1964).

■■ In making the above determination on a motion for summary judgment, the court must construe the pleadings, depositions and affidavits most strictly against the moving party and most liberally in favor of the opponent. Solone v. Reck, supra, 311. A summary judgment should then be granted where the moving party's right thereto is clear and free from doubt. Palier v. Dreis & Krump Mfg. Co., 47 Ill App2d 334, 338, 198 NE2d 521 (1964); Solone v. Reck, supra, 310.

■ Applying these principles, we believe that the trial court should not have granted a summary judgment in favor of the defendant. The only function of the court, when presented with a motion for summary judgment, is to determine if a genuine issue exists as to a material fact; if not, summary judgment is proper; if so, summary judgment is improper, as the court may not summarily determine a material fact issue.

■ The plaintiff undoubtedly is to be charged with the duty to look ahead and to see what clearly should have been within her range of vision. There were no warning signs on the cart which took up approximately one-half of the width of the aisle, and it is not apparent to us that the plaintiff necessarily failed to fulfill her obligation by not seeing the legs on the cart. She was following and watching the defendant who was walking to the rear of the store in an adjoining aisle. There is no indication of the manner in which the legs of the cart may have protruded into the aisle; of the extent of the light near the aisle; or of the visibility of the legs of the cart.

■ ■ A party's right to summary judgment should be free from doubt; and the record on which the summary judgment was granted in this case fails to meet this requirement.

The defendant, in support of the trial court's ruling, has urged that under the rule announced in Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504 (1967), the trial court properly granted summary judgment. It is his contention that under the facts of this case, the plaintiff could never establish that she was free from contributory negligence.

However, the issue, in the summary judgment case at bar, is not whether the plaintiff could ever establish freedom from contributory negligence. The issue is whether there is a dispute as to material facts; and if the material facts are not in dispute, then the issue is whether reasonable minded persons might draw different inferences from such facts. In either event, a triable issue exists and a motion for summary judgment should not be granted.

In Pedrick, at page 510, the court stated:

"In our judgment verdicts ought to be directed and judgments n. o. v. entered only in those cases in

which *all of the evidence,* when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (Emphasis ours.)

Pedrick contemplates the existence of a triable factual issue which has been heard by a jury. It provides the rule which shall govern in connection with the direction of a verdict. After the denial of a summary judgment herein, the trial of the cause, upon proper demand, could be before a jury. In such event, the court would not necessarily be precluded from directing a verdict for the defendant, if all the evidence, when viewed in its aspect most favorable to the plaintiff, so overwhelmingly favored the defendant that no contrary verdict based on that evidence could ever stand.

The plaintiff raised another issue on appeal which was not argued in her brief. Therefore, this point will not be considered and will be treated as waived. Supreme Court Rule 341(e)(7) (Ill Rev Stats 1967, c 110A, par 341(e)(7)).

For the reasons stated above, the summary judgment entered in favor of the defendant is reversed and the cause remanded to the trial court for further proceedings.

Reversed and remanded.

ABRAHAMSON, P. J. and SEIDENFELD, J., concur.