William T. Giova and Rosemary Giova, Plaintiffs-Appellees, v. Guy C. Carrol, Jane V. Carrol, and Douglas C. Hancock, Defendants-Appellants.

Gen. No. 69-6.

Second District.

June 10, 1969.

Douglas C. Hancock, of Elmhurst, for appellants.

Miller & Ribstein, of Chicago, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

■■■■■■

This is an appeal from a summary judgment entered in favor of the plaintiffs and against the defendants in the sum of $1,000, plus costs of the suit. The appeal raises the question of the propriety of a summary judgment under the facts of the case.

■ The plaintiffs failed to file an appellees' brief which would justify a reversal of the trial court without consideration of the cause on its merits. Beinarauskas v. Beinarauskas, 90 Ill App2d 381, 234 NE2d 16 (1967); American Nat. Bank & Trust Co. v. Bergstedt, 90 Ill App2d 381, 234 NE2d 56 (1967); Matyskiel v. Bernat, 85 Ill App2d 175, 178, 228 NE2d 746 (1967). However, under the circumstances, we deem it advisable to consider the merits of the case.

The undisputed facts, as set forth in the complaint are: The plaintiffs, as purchasers, entered into a contract to purchase certain real estate in the City of Elmhurst, from the defendants, Guy C. Carrol and Jane V. Carrol. The purchase price was $34,000, and pursuant to the contract, the plaintiffs deposited $1,000 as earnest money with the defendant, Douglas C. Hancock, as Escrowee, which sum was to be applied against the purchase price, if and when the sale was consummated. The contract described the property as "A single family residence commonly known as 305 Oaklawn Avenue, Elmhurst, Illinois, legally described as: . . . ," and it recited that the premises were subject only to: "Existing leases expiring 2nd floor month-to-month $130.00 monthly rent . . . ."

The plaintiffs alleged, and the defendants denied, that there were two apartments in the real estate in question, in violation of the Zoning Ordinances of the City of Elmhurst; that Hancock had paid over $1,000 to the Carrols; that any demand was made on the Carrols to turn over such sum to the plaintiffs; and that they had wilfully refused to return it. The parties agreed that

261

the real estate was located in District A—Single-Family Zone, as shown by the City Zone Map and Ordinances; and that the plaintiffs had made a demand on the defendant Hancock for the $1,000.

The defendants set up as an affirmative defense that the contract required the seller to furnish a title report or insurance to the purchasers; that in event of any defects in the title, the sellers should have 60 days from the date of the title report or insurance, to cure such defects; and, if such defects were not cured within that time, the purchasers could terminate the contract. The defendants admitted that the plaintiffs had served notice of termination of the contract, and asserted that the plaintiffs had no right to do so without giving the defendants 60 days within which to cure any alleged title defects. They further alleged that the plaintiffs' failure in this respect constituted a default under the terms of the contract, which warranted the retention of the earnest money by the defendants, as liquidated damages.

The plaintiffs, in reply, alleged that the violation of the Zoning Ordinance did not constitute a defect in title, but rather, was a gross misrepresentation; that the termination of the contract by the plaintiffs was because of the zoning violation; that the defendants did not furnish any preliminary title report and thereby were guilty of an additional breach of duty under the contract.

In addition, as a reply, the plaintiffs alleged that the contract was void on its face in that it was in violation of sections 1 and 2 of chapter 29, Ill Rev Stats of 1967, since neither a certificate of compliance was attached thereto, nor did it contain an express written warranty "that no notice from any City, Village, or other governmental authority of a Dwelling Code Violation which existed in the dwelling structure before the contract was executed had been issued and received by the owner or his agent"; that such requirement could not be waived and, therefore, the contract was void.

■ In addition to the foregoing pleadings, the Carrols demanded and were furnished a bill of particulars by the plaintiffs. A bill of particulars is deemed to be a part of a complaint which it particularizes. Marion v. In re Estate of Wegrezyn, 93 Ill App2d 205, 208, 236 NE 2d 328 (1968); Louis v. Barenfanger, 81 Ill App2d 104, 108, 226 NE2d 85 (1967).

The bill of particulars stated that the zoning restrictions, referred to in paragraph 4 of the complaint, which prohibited two apartments in the premises, are contained in chapter II, article 2, section 1–1.1 of the Amended Zoning Ordinance of the City of Elmhurst; that the exact details, in which the improvements on the premises in question are in violation of the Zoning Ordinances of the City, are: the upstairs is partitioned into a four-room apartment which is rented for $130 per month; that the parts of the premises which constituted a second apartment are—a side entrance into a vestibule with steps leading to a landing which is level with the first floor where a doorway has been installed, and from which steps to the second-floor apartment begin, thus, giving it privacy; that the second floor apartment has all facilities, except a kitchen; and that the tenants use a hot plate for cooking, which use violates the City Code.

With the pleadings in this posture, the plaintiffs filed a motion for a summary judgment, which was supported by an affidavit of the plaintiff, William T. Giova. The affidavit alleged the filing of the complaint; the payment of earnest money pursuant to the contract to purchase real estate; the discovery of zoning violations and the statutory violation; the demand for a return of the earnest money; the failure of the defendants to return it; and that the contract was void in that it was in violation of sections 1 and 2 of chapter 29, Ill Rev Stats of 1967. A copy of the contract was attached to the affidavit.

The defendants filed an answer to the affidavit wherein they denied that $1,000 was wrongfully retained by

them; denied that the use of the real estate constituted a zoning violation; denied that the contract was void by virtue of the aforesaid statute, and further asserted that the statute applied only to multiple dwellings; and denied that $1,000 was due and owing to the plaintiffs.

The court entered summary judgment for the plaintiffs and against all defendants, in the sum of $1,000, plus costs of the suit. The defendants' motion to vacate the judgment was denied, and upon appeal we face the threshold question of the propriety of the summary judgment.

In Lumbermens Mut. Cas. Co. v. Poths, 104 Ill App2d 80, 243 NE2d 40 (1968), we considered the nature, purpose and the propriety of the summary judgment procedure, and at pages 87 and 88 stated:

"The principles applicable to a motion for summary judgment under section 57 of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 57) are well defined. Summary judgment is a procedure to be encouraged (Allen v. Meyer, 14 Ill2d 284, 292, 152 NE 2d 576 (1958)); however, it is a remedy to be awarded with some caution so as not to preempt the right to a trial by jury or the right to fully present the factual basis for a case where a material dispute may exist. Ruby v. Wayman, 99 Ill App2d 146, 240 NE2d 699, 700 (1968); Solone v. Reck, 32 Ill App2d 308, 310, 311, 177 NE2d 879 (1961); Tezak v. Cooper, 24 Ill App2d 356, 362, 363, 164 NE2d 493 (1960).

"Section 57 provides that a summary judgment should be rendered if the pleadings, depositions and admissions on file, together with the affidavits, if any, 'show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment or decree as a matter of law.'

"Courts have construed this section to mean that in determining if there is a genuine issue as to any material fact, inferences may be drawn from the

264

facts which are not in dispute, and if fair-minded persons could draw different inferences from these facts then a triable issue exists. Ruby v. Wayman, supra, 700, 701; Peirce v. Conant, 47 Ill App2d 294, 300, 198 NE2d 555 (1964).

"In making the above determination on a motion for summary judgment, the court must construe the pleadings, depositions and affidavits most strictly against the moving party and most liberally in favor of the opponent. Solone v. Reck, supra, 311. A summary judgment should then be granted where the moving party's right thereto is clear and free from doubt. Ruby v. Wayman, supra, 701; Palier v. Dreis & Krump Mfg. Co., 47 Ill App2d 334, 338, 198 NE2d 521 (1964); Solone v. Reck, supra, 310.

"Applying these principles, we believe that the trial court erred in granting a summary judgment in favor of Lumbermens. The only function of the court, when presented with a motion for summary judgment, is to determine if a genuine issue exists as to a material fact; if not, summary judgment is proper; if so, summary judgment is improper, as the court may not summarily determine a material fact issue. Kamholtz v. Stepp, 31 Ill App2d 357, 367, 176 NE2d 388 (1961)."

Thus, we must determine whether a genuine issue exists as to a material fact relevant to a determination of the case at bar. The pleadings indicate that the plaintiffs alleged, and the defendants denied, that there were two apartments in the real estate in question; that the defendant Hancock paid $1,000 to the Carrols; that demand was made on the Carrols, and that they wilfully refused to turn the earnest money over to the plaintiffs.

The defendants' affirmative defense asserted that they were not given an opportunity to cure any title defects and that the plaintiffs' failure to extend such opportunity

265

to them constituted a breach of contract. Issue was also raised on these allegations by the plaintiffs' reply, which asserted that the Zoning Ordinance did not constitute a defect in title, and that the termination of the contract by the plaintiffs was due to the Zoning violation.

The factual allegations of the affidavit of plaintiff, William T. Giova, in support of the plaintiffs' motion for a summary judgment, were all denied, except the allegation that a copy of the contract between the parties was attached to the motion. While the issue, of whether sections 1 and 2 of chapter 29 are applicable to said contract, may constitute a question of law, the issue can only be determined after relevant facts have been established with reference to the dwelling structure located on the premises; such as the number of persons residing in such premises, the nature of the occupancy and whether the premises constitute a single-dwelling unit that is occupied by a family unit under the definitions of section 1, and other relevant facts. Such conclusion becomes obvious when the provisions of section 1, which provide as follows, are considered:

"Definitions. Sec. 1. As used in this Act, unless the context requires otherwise:

"(a) 'Single dwelling unit' means any apartment, efficiency apartment, kitchenette apartment, sleeping room, dwelling room or any other portion of any building or structure that is occupied or resided in by a family unit.

"(b) 'Family unit' means any person maintaining a household, or 2 or more persons maintaining a common household. A person is deemed to be maintaining a household even though the room or rooms being occupied are only sleeping rooms.

"(c) 'Dwelling structure' means any private home or residence, or any building or structure containing 12 or less single dwelling units for 12 or less family units, living independently of each other. A family

266

unit is deemed to live independently of another family unit even though the family units may be required to share cooking facilities, laundry facilities or bathroom facilities. Dwelling structures do not include public or private hospitals, public or private school dormitories, fraternity houses, convents, monasteries, mental institutions, penal institutions, seminaries, State licensed nursing homes or shelter care homes, or any federal, State, county or municipal institution or home.

"(d) 'Dwelling code' means any municipal or county ordinance, building code, or law establishing construction, plumbing, heating, electrical, fire prevention, sanitation or other health and safety standards applicable to dwellings.

"(e) 'Contract seller' means the owner of a dwelling structure, or the owner's agent who executes a contract to sell a dwelling structure for the owner.

"(f) 'Contract' means any contract or agreement whereby a contract seller agrees to sell and a buyer agrees to buy a dwelling structure and the contract seller continues to have an interest, or security for the purchase price or otherwise in that property. The term 'contract' includes contracts for deeds, bonds for deeds or any other sale or legal device whereby a dwelling structure is sold, conveyed or transferred for a consideration.

"(g) 'Certificate of compliance' means an affidavit executed by a contract seller stating that the dwelling structure was inspected within 30 days before the contract was executed, and that at the date of the execution of the contract the dwelling structure is not in violation of any dwelling code." (Ill Rev Stats 1967, c 29, par 8.21.)

■ In determining the propriety of a summary judgment procedure, we must remember that the pleadings, affidavits and bill of particulars must be construed

267

most strictly against the moving party—the plaintiffs—and most liberally in favor of the opponents—the defendants. Solone v. Reck, 32 Ill App2d 308, 311, 177 NE 2d 879 (1961).

█ The foregoing facts give rise to genuine issues of material facts which were in dispute. The purpose of summary judgment is not to try an issue of fact, but rather, to determine whether one exists. A party's right to summary judgment should be free from doubt. Lumbermens Mut. Cas. Co. v. Poths, supra, 92; Ruby v. Wayman, 99 Ill App2d 146, 151, 240 NE2d 699 (1968); and the court should not summarily determine a material fact issue. Ruby v. Wayman, supra, 150.

In the light of our determination, the judgment is reversed and the cause remanded to the trial court for further proceedings.

Reversed and remanded.

ABRAHAMSON and SEIDENFELD, JJ., concur.