RUSSELL A. STAMM, Plaintiff-Appellee, *v.* JACK LUCAS *et al.*, Defendants-Appellants.

(No. 73-322;

Fifth District—May 22, 1974.

*Rehearing denied June 25, 1974.*

R. Michael Fischer, of Alton, for appellants.

Stobbs Law Office, Ltd., of Alton (John Dale Stobbs, of counsel), for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from the summary judgment entered on behalf of plaintiff in an action for forcible entry and detainer, by the circuit court of Madison County.

The plaintiff, Russell A. Stamm, brought this suit as the third of a series of actions all concerned with the same real estate transaction. The defendants, Jack and Sandra D. Lucas, purchased under a contract for deed, a certain residence dwelling located in the town of Moro, County of Madison, State of Illinois.

The plaintiff, alleging that the defendants were in default in the contract for deed, filed a complaint asking for possession and damages in the amount of $4834. The complaint was filed on July 16, 1973. It was supported by sworn affidavit of rent due, demand for possession, notice of cancellation and termination of contract for deed and intention to proceed against purchaser (the defendants) and, finally, the agreement for deed.

The agreement for deed was signed by the parties hereto on the 18th of February, 1971; this document provided, among other things, for the payment by the defendants of $1000 towards the purchase price of $36,000 at the time of execution, for the payment of an additional $1000 on or before February 15, 1972, and for the payment of $175 per month thereafter until fully paid. The stated intention of the contract was to allow for and to have the defendants obtain financing sometime within 5 years of the date of the agreement. Then, at the time of their obtaining financing, the plaintiff-vendor was to deliver a deed to the defendants-purchasers.

Obviously, something has gone amiss in the stated desires of the parties. The plaintiff has filed one lawsuit on April 13, 1972, being case #72-E-82 in the circuit court of Madison County. The plaintiff, on September 26, 1972, next filed case #72-SED-571 also in the circuit court of Madison County. These two cases have been consolidated. From the judgment order, minute record and the parties' briefs, it appears that these cases involve the same transaction as the present case. Indeed, the present case has in part been consolidated with those two preceding lawsuits.

As noted earlier, this lawsuit was filed on July 16, 1973. On July 30, 1973, the defendants filed a "Motion to Dismiss and Petition for Attorney's

Fees". The motion stated the defendants were being harassed by the filing of this present lawsuit and noted the existence of the other two prior lawsuits.

The plaintiff next on August 2, 1973, filed a motion for summary judgment stating:

"1. Plaintiff is the owner of the premises and entitled to possession pursuant to Notice to Quit, Demand for Possession and Forfeiture Notice, which is not denied;

2. Plaintiff is entitled to immediate possession, regardless of any pending litigation. There is no material issue of fact.

3. Defendants have withheld possession for over 18 months without payment of contract installments or payment of rent and without any excuse from such payments by any competent or authorized authority.

WHEREFORE, Plaintiff prays for immediate Summary Judgment based on the uncontradicted allegations of the verified Complaint."

Defendants filed on August 6, 1973, a pleading entitled "Suggestions in Opposition to Plaintiff's Motion for Summary Judgment" stating therein, among other things, that the motion for summary judgment is premature because the defendant's motion to dismiss was still pending.

The motion to dismiss, plaintiff's motion for summary judgment, and defendants' suggestions in opposition to plaintiff's motion for summary judgment were set for argument on August 9, 1973.

On August 9, 1973, the court, after hearing arguments, entered its judgment order finding, stating in part:

"That there are presently pending between the same parties herein Cases 72-E-82 and 72-SED-571, which, as recited by counsel for the defendants in his motion, have been consolidated by agreement;

That each of the aforesaid cases seek, among other things, possession of the premises by the plaintiff and each is predicated upon an agreement for deed entered into on February 18, 1871, between Russell A. Stamm, plaintiff herein, party of the first part, and Jack and Sandra D. Lucas, in joint tenancy, parties of the second part;

That case No. 72-E-82, above referred to, was filed in this Court on April 13, 1972, and that Cause No. 72-SED-571 was filed herein September 26, 1972;

That the case now under consideration, 73-LM-455, was initiated by plaintiff's present counsel by Complaint in Forcible Entry and Detainer, on July 18, 1973 (sic), and seeks possession of the premises, which are the subject matter of this suit, and $4,834.00 and costs in addition thereto;

That as stated in defendant's Motion to Dismiss and Petition for Attorneys' Fees, plaintiff in his suit does, in fact, add to the multitude of lawsuits relative to the same transaction, and, in fact, this suit should be consolidated with the two prior lawsuits aforementioned. However, the fact that this is an additional suit between the parties does not, in itself, justify its dismissal as prayed by the defendants;

That the plaintiff's Motion for Summary Judgment predicated upon the verified complaint of plaintiff, and the documents attached thereto, *stands uncontradicted by answer*, affidavit, or otherwise, and should be allowed." (Emphasis Added.)

The court then proceeded to order that the defendants surrender possession and vacate the premises instanter. The writ of restitution was ordered stayed for 20 days, and that the remaining issues of the present cause be consolidated with the previous two cases.

From this judgment order, the defendants have brought this appeal.

The defendants assert that the court erred in entertaining plaintiff's motion for summary judgment while the defendants' motion to dismiss plaintiff's complaint was pending and also that it was error for the court not to give the defendants an opportunity to oppose the plaintiff's motion for summary judgment by counter-affidavits after denying the defendants' motion to dismiss. The defendants also assert that the motion for summary judgment was inadequate in failing to set forth, with particularity, the facts upon which it was based and that it was not verified.

We shall first consider the contention that the court erred in granting the summary judgment while the motion to dismiss was pending. Supreme Court Rule 181(b)(2) (Ill. Rev. Stat., ch. 110A, par. 181(b)(2)) provides:

> "*Forcible Detainer Actions.* In actions for forcible detainer (see Rule 101(b)), the defendant must appear at the time and place specified in the summons. If the defendant appears, he need not file an answer unless ordered by the court; and when no answer is ordered, the allegations of the complaint will be deemed denied, and any defense may be provided as if it were specifically pleaded."

The defendants appeared at the time specified, *i.e.*, August 6, 1973, no answer was ordered; therefore, the allegations as set forth in the plaintiff's complaint were deemed denied as of August 6, 1973. The motions were then heard on August 9, 1973, at which time only 3 days after the complaint was "answered" the court entered summary judgment on the possession issue of the lawsuit.

■■ As this court recently pronounced in the abstracted opinion of *Housing Authority v. Collier*, 13 Ill.App.3d 1088, 302 N.E.2d 365, "This

case had not been pending for a long time nor did it contain a number of granted continuances. On the contrary, less than three months had passed since the original complaint was filed and there had been but two continuances, one by agreement of the parties * * *. The Court zealously guards the right of a litigant to receive his day in court where it has been conscientiously sought."

The plaintiff would have us believe that the defendants were attempting to forever forestall the plaintiff from obtaining his day in court by continually thwarting the plaintiff's desire for a termination of this dispute. We do not have the benefit of the complete record of the two other cases pending and therefore may not and will not make any determination of the plaintiff's contention with regard thereto. We do not, however, glean such from the records of the present case. Indeed, the contrary impression appears. The defendants filed their motions in a prompt and timely manner, appeared for all hearings and requested no continuances.

"A summary judgment is a drastic method of disposing of litigation and the right of a party to invoke the remedy must be free from doubt." *Equilease Corp. v. Cattlemen's Freezer Meats, Inc.,* 13 Ill.App.3d 1, 3, 299 N.E.2d 419, 420.

In the abstracted opinion of *Krzyzanowski v. Makowski,* 1 Ill.App.2d 219, 117 N.E.2d 328, the court stated:

> "Plaintiff by its motion to strike raised only the question of the legal sufficiency of defendants' motion. We are aware that there is some question in the trial courts as to whether it is proper for respondent to a motion for summary judgment to do other than join issue at once on both the law and the facts. Still, where such a motion to strike is entertained by the court, respondent should not be precluded from being given an opportunity to set up a defense on the merits when his point of law is over ruled."

We are mindful that in the present case the defendants had not filed a motion to strike the motion for summary judgment but in lieu thereof, had on file a "Motion to Dismiss" the original complaint and "Suggestions in Opposition to the Motion for Summary Judgment."

The plaintiff would have us believe by his statements in his brief that the defendants have no defense to his claim. We cannot so determine or conclude from the record. The defendants *have denied* the claims of the plaintiff, by operation of the statute.

■■ We do not determine the sufficiency of the "Motion for Summary Judgment" but do determine that its granting under the circumstances of the case at bar was improper. See *Giova v. Carrol,* 109 Ill.App.2d 259, 248 N.E.2d 836; *Lumbermen's Mutual Casualty Co. v. Poths,* 104 Ill.App. 2d 80, 243 N.E.2d 40.

The summary judgment statute (Ill. Rev. Stat., ch. 110, par. 57) contemplates that the opposing party shall have a reasonable time to prepare a response. *Deaton v. Lloyd's Jewelry Co.*, 7 Ill.App.3d 926, 289 N.E.2d 123.

We reverse the court's order as it pertains to the granting of the motion for summary judgment and remand the cause to the circuit court of Madison County for further proceedings.

Reversed and remanded.

G. MORAN, P. J., and CREBS, J., concur.