VINCENT BOYCE, Plaintiff, *v.* CHINNOCK & DOUGHTY, INC. *et al.*, Defendants.—(GALLAHER & SPECK, Counterplaintiff-Appellee, Counterdefendant-Appellant, *v.* 333 SHERMAN STREET GARAGE, INC., Counterdefendant-Appellant, Counterplaintiff-Appellee.)

(No. 58919;

First District (4th Division)—February 13, 1975.

McKenna, Storer, Rowe, White & Haskell, of Chicago (Robert S. Soderstrom, of counsel), for appellant 333 Sherman Street Garage, Inc.

Kirkland & Ellis, of Chicago (Caryl P. Bonotto, Raymond R. Cusack, Consuela M. Washington, and Gary M. Elden, of counsel), for appellee Gallaher & Speck.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The plaintiff, Vincent Boyce, filed a suit seeking to recover damages for personal injuries which he claimed were sustained on a "manlift" on November 6, 1970, as a result of one or more of defendants' violations of the Illinois Structural Work Act (Ill. Rev. Stat. 1969, ch. 48, par. 60 *et seq.*), defective design, service or maintenance of the manlift, or defendants' negligence. Defendants Gallaher & Speck and 333 Sherman Street Garage, Inc. (hereafter Sherman), filed counterclaims seeking in-

demnity against one another. Defendant Gallaher & Speck then filed a motion supported by affidavits asking for summary judgment on its counterclaim and for dismissal of the counterclaim of Sherman. A memorandum and affidavit in opposition was filed by Sherman. On the basis of these motions the trial court granted summary judgment in favor of Gallaher & Speck and dismissed the counterclaim of Sherman. Sherman appealed to this court, pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 304(a)), as the trial judge had entered a finding that there was no just reason for delaying an appeal of this question.

On March 13, 1961, Gallaher & Speck and Sherman entered into a service contract regarding a manlift located in the building Sherman leased from Rialto Corporation. The contract included an indemnity clause which was to become the subject of the above motion. On August 28, 1963, Gallaher & Speck wrote to Sherman informing them that there was a price increase on the semi-monthly service. Another increase was sent to Sherman in a like manner on April 1, 1970. Gallaher & Speck's motion for summary judgment was based on this contract and the indemnity clause. Attached to the motion was the affidavit of an officer of Gallaher & Speck relating to the contract, stating that it was in force. Sherman's memorandum in opposition was accompanied by the affidavit of Sherman's president stating that the 1961 service contract was no longer in force, having been cancelled by the 1963 letter from Gallaher & Speck. I was further stated that this understanding had been confirmed by a representative of Gallaher & Speck during a conference on the matter. The affidavit concluded by noting that the manlift present in the building on the date the accident was claimed to have taken place was not the same one referred to in the 1961 agreement. The manlift had been replaced by another in 1962.

■■ Summary judgment may be properly rendered only when "\* \* \* there is no genuine issue as to any material fact and \* \* \* the moving party is entitled to a judgment or decree as a matter of law." (Ill. Rev. Stat. 1973, ch. 110, par. 57.) The right to summary judgment must be free from doubt. (*Chrysler Credit Corp. v. M.C.R. Leasing Co.*, 118 Ill.App.2d 111.) Any pleadings, depositions, or affidavits must be construed most strictly against the moving party and most liberally in favor of the opponent. *Ruby v. Wayman*, 99 Ill.App.2d 146.

■■ Considering the foregoing criteria within the record presented in the instant case, we are of the opinion that summary judgment should not have been rendered. Construing the affidavits most strictly against Gallaher & Speck and most liberally in favor of Sherman, issues of fact are raised relating to the contract which must be resolved at trial. We make no determination regarding this contract or any other issue in this

case, but limit our finding to the determination of whether summary judgment was proper.

Accordingly, the granting of summary judgment by the trial court is reversed, as is the dismissal of the counterclaim of 333 Sherman Street Garage, Inc., and the cause is remanded to the trial court for further proceedings.

Reversed and remanded.

DIERINGER, P. J., and JOHNSON, J., concur.