SHEE MAN LEE *et al.*, Plaintiffs-Appellants, *v.* ADE REALTY, INC., *et al.*, Defendants-Appellees.—(ILLINOIS FAIR PLAN ASSOCIATION *et al.*, Defendants.)

First District (1st Division)   No. 78-673

Opinion filed August 20, 1979.

Rabens, Formusa and Glassman, of Chicago, for appellants.

Neil K. Quinn, Robert Marc Chemers, and Joseph B. Lederleitner, all of Pretzel, Stouffer, Nolan and Rooney, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

On March 30, 1974, an apartment building owned by plaintiffs and located at 1338-42 East 53rd Street in Chicago was destroyed by fire. Approximately six weeks prior to the fire, the existing policy of fire insurance on the building lapsed, thus leaving the building uninsured at the time of the fire. Plaintiffs filed a three-count complaint for declaratory judgment against various defendants. This appeal concerns only count II of the complaint in which plaintiffs sought relief against Ade Realty, Inc. (hereinafter sometimes referred to as Ade), the managing agent of the building, and certain of its officers and employees for breach of a purported duty to renew the policy of insurance. Plaintiffs appeal from an order of the trial court granting defendants' motion for summary judgment on count II of the complaint.

We reverse and remand.

On appeal plaintiffs contend (1) that the trial court erred in entering summary judgment in favor of the managing agent, Ade Realty, Inc., because Ade Realty, Inc., was under a duty to take some action regarding renewal of the plaintiffs' policy of fire insurance upon receipt of renewal documents from the insurer; and (2) that plaintiffs' knowledge of the expiration date of the insurance policy is not a bar to recovery.

The record reveals that on November 17, 1972, M. Lustbader & Company, which had managed plaintiffs' apartment building notified plaintiffs by letter that it had amalgamated its business with Ade Realty, Inc. The letter informed plaintiffs that as of December 1, 1972, the monthly statements and rental collections would be made under the name of Ade Realty, Inc. The letter further informed plaintiffs that M. Lustbader & Company would continue as an active corporation and would continue to operate the insurance department for the placement and servicing of all insurance on properties under Lustbader's direction.

In December of 1972, plaintiff, Shee Man Lee, met with either Mr. Money or Mr. Good of Ade Realty, Inc., regarding an increase in coverage of a fire insurance policy of the Illinois Fair Plan Association. At that time, Mr. Good or Mr. Money completed an application for insurance. The application indicated that all mail should be directed to "Harold Money, Ade Realty Inc. 5498 S. Hyde Park Blvd., Chicago, Ill." The address indicated was Ade's business address.

Pursuant to the above insurance application, the Illinois Fair Plan Association issued a $90,000 policy on plaintiffs' building effective February 15, 1973, through February 15, 1974. The policy showed the insured's mailing address as "c/o Harold Money, Ade Realty, Inc., 5498 S. Hyde Park Boulevard, Chicago, Illinois." In accordance with the rules, regulations and procedures of the Illinois Fair Plan Association, renewal documents were mailed on November 15, 1973, and again on December 26, 1973, to "Harold Money, Ade Realty, Inc., 5498 S. Hyde Park Blvd., Chicago, Ill." No such notices were sent to the plaintiffs. The notices were received by Ade Realty, but there is no indication that Ade Realty forwarded the renewal documents to the plaintiffs or took any steps itself to effect a renewal of the insurance policy. By its own terms, the policy expired on February 15, 1974, leaving plaintiffs' building uninsured when it was destroyed by fire approximately six weeks after the policy expired.

In his discovery deposition, the plaintiff, Shee Man Lee, indicated that he had a meeting with Mr. Money of Ade Realty and brought the existing insurance policies to that meeting. At the time of the meeting, the old policy was still in force. Lee told Money, "You take care of it from now on. * * * When it expire, you renew them for me, and if they turn

me down, you find another agent that will handle it." Lee testified that Mr. Money's response was "I will take care of it for you." It appears from the record that this conversation occurred sometime prior to February of 1973.

Mr. Lee also indicated in his discovery deposition that he was never sure of the new relationship between Lustbader of M. Lustbader & Company and Ade. He did not know if it was a partnership or a reorganization. He never had an understanding of the transaction. Mr. Lee testified that he knew of the February 15, 1974, expiration date and believed that renewal of the policy would be attended to by M. Lustbader & Company. Mr. Lee further testified that Lustbader did all types of work when he managed the building. Lee, however, paid the real estate taxes. When Ade took over the management of the building, Ade assumed the same responsibilities.

Marvin Lustbader testified at his discovery deposition that he acted as an insurance broker for the buildings he managed from 1971 to the present. He sold only the management portion of his business to Ade Realty and after that sale Lustbader continued to provide insurance services for the properties previously managed by him. This was corroborated by both Marion Kabaker, Lustbader's secretary, and Harold Money, Lustbader's former office manager and office manager for Ade Realty, after the amalgamation. Lustbader further indicated in his deposition that in his opinion it was among the duties of a management company to keep a client advised of insurance. Defendants objected to this latter statement.

Mr. Money of Ade Realty indicated in his discovery deposition that if any mail was received by Ade Realty with respect to insurance on a Lustbader building it would be given to Lustbader because he took care of the insurance business.

Plaintiffs contend in this appeal that the trial court erred in entering summary judgment in defendants' favor because, plaintiffs argue, Ade Realty had a responsibility to take some action upon receipt of the renewal notices from the insurer. While our research discloses no case precisely on point, it does disclose one case which is analogous. In *Agee v. First National Bank* (1979), 68 Ill. App. 3d 794, 386 N.E.2d 899, plaintiffs' house was destroyed by fire two months after the fire insurance on the house had expired. Plaintiffs filed a complaint alleging that pursuant to their purchase contract of the house, they had made payments to the sellers of the house and their agents for principal, interest, taxes and fire insurance. The complaint further alleged that the defendant bank, as holder of the first mortgage on the house, received the funds from the sellers and their agents and maintained them in an escrow account for the

purpose of providing fire insurance. The complaint went on to allege that the defendants accepted the above payments and had in fact provided fire insurance with these funds from the year 1967 to March of 1977 when the insurance lapsed. The complaint concluded alleging that plaintiffs relied upon the defendants to provide the fire insurance, that defendants knew of that reliance, and that there existed a course and custom of dealing among the parties which required the defendants to renew all insurance policies prior to expiration. In spite of the fact that there existed a written contract in *Agee*, in which the plaintiffs agreed "to keep [the] * * * premises fully insured * * *," we concluded that the above allegations could be interpreted as shifting the burden of renewing the insurance to defendants and that the complaint stated a cause of action. See also *Hassell v. Sterling Federal Savings & Loan Association* (1971), 132 Ill. App. 2d 1005, 271 N.E.2d 7.

In the instant case there exists no written contract between plaintiffs and Ade Realty which outlines the duties and responsibilities of the parties. However, it is clear that M. Lustbader & Company, although retaining the insurance division of his company, amalgamated the management portion of his company with Ade Realty and that at the time of the fire Ade Realty was managing plaintiffs' building. While the extent of Ade Realty's management responsibilities is unclear in the record, plaintiff testified in his deposition that when Lustbader managed the property, he did all types of work pertaining to the building with the exception of the real estate property tax to which plaintiff attended and that Ade Realty exercised the same responsibilities after they assumed the management. There is no indication in the record as to the normal or customary duties of a management company other than Lustbader's statement in his deposition that "[his] personal feelings [were that] managing a piece of property included making sure the owner is advised of insurance." It is clear, however, that in the instant case, all papers concerning insurance including renewal notices were to be sent to Ade Realty. In addition, plaintiff's deposition testimony indicated that when Ade first took over the managing portion of Lustbader's company, plaintiff told Mr. Money or Mr. Good of Ade to take care of the insurance from now on and that he agreed.

■■ Plaintiffs aptly point out that although summary judgment is a useful device it should be awarded with some caution so as not to preempt a party's right to a jury trial, and that in considering a motion for summary judgment, the court must construe the pleadings, depositions, and affidavits most liberally in favor of the opponent and most strictly against the moving party. (*Ruby v. Wayman* (1968), 99 Ill. App. 2d 146, 240 N.E.2d 699.) Summary judgment should be granted only when the

movant is entitled to judgment as a matter of law (*Manda v. Branham* (1977), 50 Ill. App. 3d 91, 365 N.E.2d 216), and where a doubt exists as to the right of the moving party to summary judgment the wiser judicial policy is to deny the motion. *Armagast v. Medici Gallery & Coffee House, Inc.* (1977), 47 Ill. App. 3d 892, 365 N.E.2d 446.

■■ Considering the pleadings and depositions in the light most favorable to the plaintiffs, we must conclude that the trial court erred in granting summary judgment in Ade Realty's favor. It is clear that Ade was managing plaintiffs' building at the time of the fire, had actually procured the insurance policy which expired six weeks prior to the fire, and had received the renewal notices on that lapsed policy. When the above factors are considered in light of plaintiff's deposition testimony that he told Ade to take care of the insurance from now on and that Ade so agreed, the responsibility for renewing the policy could indeed have been assumed by Ade Realty. At the very least Ade had a duty to advise the plaintiffs that they were not going to renew the policy.

The fact that the plaintiffs knew of the expiration date of the policy does not entitle defendants to summary judgment. It is apparent from the above factors that plaintiffs could reasonably have assumed that Ade had renewed or was to renew the policy. The statement by plaintiff that he thought Lustbader would renew the policy is no consolation to Ade. Interpreting this statement in the light most favorable to plaintiffs and together with all of the other evidence, we conclude that it means nothing more than plaintiff assumed that Ade would procure the policy of insurance through Lustbader as agent.

For the foregoing reasons, we reverse the order of the trial court granting summary judgment in defendants' favor on count II of the complaint and remand the cause for further proceedings consistent with this opinion.

Order reversed; cause remanded.

O'CONNOR and CAMPBELL, JJ., concur.